[Crim. No. 4110.   In Bank.—August 24, 1937.]

THE PEOPLE, Respondent, v. CHARLES DUTTON, Appellant.

Morris Lavine for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

LANGDON, J.—Defendant was charged with the violation of section 476a of the Penal Code, and with a prior conviction of forgery, a felony, in Wisconsin. He pleaded guilty to the crime charged, but sought to avoid the effect of the prior conviction by proof of a pardon given by the governor of the state. The court found that he had suffered a prior conviction, and in his appeal, defendant attacks this finding, which, if it stands, requires the imposition upon defendant of a punishment heavier than that prescribed for a first offender, and renders him ineligible for probation. (Pen. Code, secs. 1168, 1203.)

This appeal presents the same issue considered by us in *People* v. *Biggs et al.*, Crim. No. 4100 (*post*, p. 508 [71 Pac. (2d) 214]), this day decided. In accordance with the conclusion reached in that opinion, we hold that despite his pardon, defendant has suffered a prior conviction within the meaning of the above cited sections of the Penal Code.

Defendant in the instant case advances several contentions not made in the Biggs case. He urges, first, that the trial court denied full faith and credit to the act of the governor of Wisconsin, in violation of article IV, section 1, of the federal Constitution. No authority is cited to support the remarkable assertion that California, in determining the appropriate punishment for a person convicted of crime in this state, is denying effect to acts of the chief executive of Wisconsin. He pardoned the defendant for the first offense; this state punishes him for the second offense only, and full faith and credit is not involved.

■ The second contention, that defendant is denied equal protection of the laws, is likewise made without citation of authority or discussion. It is obviously without merit, and, moreover, the constitutionality of just such an application of a statute punishing subsequent offenders is definitely established. (*Carlesi* v. *New York*, 233 U. S. 51 [34 Sup. Ct. 576 [58 L. Ed. 843].)

■ Defendant next calls to our attention the act of 1933 (Stats. 1933, p. 2476) providing that where a full pardon has been granted by the governor of this state, ''it shall operate to restore to such convicted person all the rights, privileges and franchises of which he has been deprived in consequence of said conviction or by reason of any matter involved therein. . . . '' The relevancy of this statute is not disclosed. It expressly applies only to pardons given by the governor of *this state,* and it purports simply to remove disabilities resulting from the offense. As we have pointed out in the Biggs case, the increased punishment provided for subsequent offenders is not an additional disability attaching to the first *offense,* but an appropriate penalty for the *person* who, after conviction of one crime, commits another.

■ Defendant, during pendency of his case before the District Court of Appeal, Second Appellate District, Division One, sought to present additional evidence to that court, purporting to show that in his *application* to the governor of Wisconsin for a pardon, he urged his innocence of the crime as the ground. That court denied his request, and its ruling is unquestionably correct, for even if the fact of innocence be relevant in this situation (as to this question, see *infra*), it does not follow that the defendant's innocence is established by his request for a pardon on that ground.

Whether under any circumstances the pardoned defendant can bring himself outside the scope of the subsequent offender statutes by proof relating to his innocence of the crime is a difficult question which we need not now consider. There is little mention of this point in the reported cases or law review discussions which we have examined. (See 14 Minn. L. Rev. 293, 294; 41 Harv. L. Rev. 918; 78 U. Pa. L. Rev. 561, 562.) This is perhaps due in part to the fact that the chief executives of the states seldom have either facilities or procedure for the performance of the *quasi*-judicial task of determining guilt or innocence of convicted criminals seeking a pardon. Moreover, executive clemency is probably more fre-

quently granted on the theory that the pardoned felon has expiated his offense, rather than that he was never guilty of it. (See 2 Wigmore, Evidence, sec. 1116, p. 636.) The problem of proof, therefore, in cases where it is asserted that clemency was granted because of a determination of innocence, would appear to present a formidable obstacle. We mention this point only to the end that it shall not be deemed foreclosed by our present decision. It may be that upon fuller consideration it will appear to be a question for legislative rather than judicial consideration, and perhaps part of the larger problem as to whether there should not be more complete judicial remedies for persons unjustly convicted of crime. (See Williston, Does a Pardon Blot Out Guilt?, 28 Harv. L. Rev. 647,659.)

The judgment is affirmed.

Curtis, J., Shenk, J., Seawell, J., and Nourse, J., *pro tem.*, concurred.

Edmonds, J., concurred in the judgment.

Rehearing denied.