[Crim. No. 18252. First Dist., Div. Two. July 25, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
EDWARD JOHNSON, Defendant and Respondent.

## COUNSEL

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci, William D. Stein and John W. Runde, Deputy Attorneys General, for Plaintiff and Appellant.

Rick L. Ames, under appointment by the Court of Appeal for Defendant and Respondent.

OPINION

SABRAW, J.*—

*The Facts*

The defendant, Edward Johnson, was charged with the murder of Charles Ramon Johnson at Seaside, California, on or about October 18, 1977, and with assault with intent to commit murder on Jack Fisher on the same date.

Pursuant to a negotiated plea, defendant pled guilty to count I of the amended information, a violation of section 187 of the Penal Code,[1] stipulated to be murder in the second degree, and admitted the firearm allegation and one prior prison term allegation. Defendant also pled guilty to assault with intent to commit murder, a violation of section 217, as charged in count II. Pursuant to the terms of the negotiated plea, the court struck a second charged prior and the armed with a deadly weapon clause from count I, and from count II the court struck both priors, the arming clause and a great bodily injury allegation.

It was stipulated that the sentence in count II would run concurrently with that of count I. No other promises were made. The district attorney filed a motion requesting that aggravated sentences be imposed on each count.

At the sentencing hearing on February 27, 1978, the court denied probation and sentenced defendant to the median term of six years on the murder charge of count I, and further imposed a consecutive two-year. enhancement for the use of a firearm, pursuant to section 12022.5. The court imposed the aggravated sentence of four years on count II, assault with intent to commit murder, and provided further that the sentences on count II should run concurrent with the sentence on count I.

Defendant made a motion to strike the prior prison term charged in count I which had been admitted at the time of his change of plea. The motion to strike the prior was granted over the objection of the district attorney. Thereafter, the People (hereafter appellant) appealed the trial

*Assigned by the Chairperson of the Judicial Council.

[1]Unless otherwise indicated, all further references will be to the Penal Code of California.

court's order striking the prior from count I. The prior in question was a 1970 conviction for assault with a deadly weapon (§ 245, subd. (a)). The reasons stated by the trial court for the striking of the prior were that (a) respondent had already served five years in prison for the prior offense; and (b) under the new law the maximum term that could be imposed for that particular crime is four years. Appellant contends that the reasons advanced by the trial court fail to constitute "circumstances in mitigation" within the purview of the law (§ 1170.1, subd. (g)), and that in the absence of legally sufficient mitigating circumstances the trial court was not free to disregard the mandatory enhancement of sentence required under section 667.5.

### The Issue

This appeal involves a single issue: Did the striking of the prior by the trial court at the time of sentencing for the reasons stated (under new law the maximum term for the prior crime is four years, and defendant had already served five years) constitute "circumstances in mitigation" under section 1170.1, subdivision (g), to justify striking the additional punishment?

We conclude that the reasons stated by the trial court did not constitute the type of mitigating circumstances that would justify striking the enhanced punishment.

### Analysis

Section 667.5[2] prescribes the duty of a sentencing judge to add an additional year to the term imposed for each prior prison term served on a felony. At the time of defendant's guilty plea, he admitted his 1970 prior felony conviction of assault with a deadly weapon in violation of section 245, subdivision (a). At the same time, the record conclusively establishes that the defendant, a recidivist criminal, failed to bring himself within the five-year crime free exception provided for in the statute. Under these circumstances, the mandatory provisions of section 667.5 came into play, and respondent was subject to one-year enhancement for the prior felony.

---

[2]Section 667.5, subdivision (b), provides in part as follows: ". . . where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court *shall* impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." (Italics added.)

While section 1170.1 concededly grants discretionary power to the trial court to strike the additional punishment set out in section 667.5, the statute itself makes it explicit that such power may be exercised only if the trial court determines that there are mitigating circumstances to forego the additional punishment, and if it states on the record the reasons for striking such punishment.[3] A careful review of the case together with the reasons stated on the record convince us that by striking the 1970 prior the trial court's exercise of legal discretion was not "grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue" (*People* v. *Russel* (1968) 69 Cal.2d 187, 194-195 [70 Cal.Rptr. 210, 443 P.2d 794]; see also *People* v. *Beasley* (1970) 5 Cal.App.3d 617, 629-630 [85 Cal.Rptr. 501]), which is but another way of saying that the trial court has abused its discretion.

The discretion of the trial court to strike a prior under section 1170.1 is not without restraint. The prior can be stricken only if the trial court determines "there are circumstances in mitigation" and "states on the record its reasons." Thus, the trial court is required to find from the facts of the case legally recognizable factors in mitigation and state those factors on the record.

Rule 423 of the California Rules of Court[4] enumerates some 14 circumstances in mitigation for use as guidelines by the sentencing judge in evaluating the defendant and the circumstances of the criminal offense

---

[3]Section 1170.1, subdivision (g), provides that "Notwithstanding any other provision of law, *the court may strike the additional punishment for the enhancements provided in Sections 667.5, 12022, 12022.5, 12022.6,* and 12022.7 *if it determines that there are circumstances in mitigation* of the additional punishment *and states on the record its reasons for striking the additional punishment.*" (Italics added.)

[4]Rule 423 reads as follows: "Circumstances in mitigation include:

"(a) Facts relating to the crime, including the fact that:

"(1) The defendant was a passive participant or played a minor role in the crime.

"(2) The victim was an initiator, willing participant, aggressor or provoker of the incident.

"(3) The crime was committed because of an unusual circumstance, such as great provocation, which is unlikely to recur.

"(4) The defendant participated in the crime under circumstances of coercion or duress, or his conduct was partially excusable for some other reason not amounting to a defense.

"(5) A defendant with no apparent predisposition to do so was induced by others to participate in the crime.

"(6) The defendant exercised caution to avoid harm to persons or damage to property, or the amounts of money or property taken were deliberately small, or no harm was done or threatened against the victim.

"(7) The defendant believed he had a claim or right to the property taken, or for other

for purposes of determining the proper sentence in harmony with the policy objectives of the determinate sentencing law. Section 1170, subdivision (a)(2), provides "In sentencing . . ., the court *shall* apply the sentencing rules of the Judicial Council." (Italics added.) While the list of circumstances in mitigation cited in rule 423 is by no means exclusive, the rule nevertheless suggests the type of factors to be considered.

We fail to see how the reasons given by the trial court for the striking of the enhancement allegation (i.e., the length of the prior term served by the recidivist offender and the change in the law modifying the penalty assessed for the former crime) could constitute "circumstance in mitigation" as envisioned by section 1170.1, subdivision (g). Here, the reasons given by the trial court were far afield from the categories listed under rule 423 and actually demonstrate a misconception on the part of the trial court of the purpose for enhanced punishment on a prior.

■ The law is well established that, contrary to the trial court's assumption, the increased penalty for a prior is attributable solely to the new, rather than the former, crime and its purpose is to discourage recidivist criminal conduct (cf. *In re Aaron N.* (1977) 70 Cal.App.3d 931, 940 [139 Cal.Rptr. 258]; *In re Propp* (1967) 251 Cal.App.2d 896, 899 [60 Cal.Rptr. 23]; *People* v. *Reed* (1967) 249 Cal.App.2d 468, 472 [57 Cal.Rptr. 407]; *People* v. *Stone* (1945) 69 Cal.App.2d 533, 535 [159 P.2d 701]). As stated in *People* v. *Biggs* (1937) 9 Cal.2d 508, 512 [71 P.2d 214, 116 A.L.R. 205], "it is the second or subsequent offense which is punished, not the first"; and as amplified in *People* v. *Dutton* (1937) 9 Cal.2d 505, 507 [71 P.2d 218], "the increased punishment provided for subsequent offenders is not an additional disability attaching to the first

reasons mistakenly believed his conduct was legal.

"(8) The defendant was motivated by a desire to provide necessities for his family or himself.

"(b) Facts relating to the defendant, including the fact that:

"(1) He has no prior record or an insignificant record of criminal conduct considering the recency and frequency of prior crimes.

"(2) The defendant was suffering from a mental or physical condition that significantly reduced his culpability for the crime.

"(3) The defendant voluntarily acknowledged wrongdoing prior to arrest or at an early stage of the criminal process.

"(4) The defendant is ineligible for probation and but for the ineligibility would have been granted probation.

"(5) The defendant made restitution to the victim.

"(6) The defendant's prior performance on probation or parole was good."

*offense*, but an appropriate penalty for the *person* who, after conviction of one crime commits another."

It is worthy to note that since the 1970 conviction for assault with a deadly weapon, defendant, far from conducting a legally blameless life, committed a series of violent crimes. While on parole, he was charged with and convicted of first degree robbery (§ 211a) and assault with a deadly weapon (§ 245, subd. (a)) in 1976. The presently charged crimes were committed by defendant against multiple victims and while he was an escapee from the Department of Corrections. In addition, the record shows that defendant was involved in narcotic traffic while he was on escape status, and also that he escaped from the county jail less than a week before he was scheduled to appear before the trial court for sentencing. While we pay careful respect to the province of the trial judge in matters of sentencing, we cannot help but observe the presence in this case of so many factors in aggravation as set forth in California Rules of Court, rule 421[5] and the apparent absence of factors in mitigation (rule 423).

---

[5]Rule 421 provides as follows: "*Circumstances in aggravation include*:

"(a) *Facts relating to the crime, including the fact that*:

"(1) *The crime involved great violence, great bodily harm*, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness, whether or not charged or chargeable as an enhancement under section 12022.7.

"(2) *The defendant was armed with or used a weapon at the time of the commission of the crime*, whether or not charged or chargeable as an enhancement under section 12022 or 12022.5.

"(3) The victim was particularly vulnerable.

"(4) *The crime involved multiple victims.*

"(5) The defendant induced others to participate in the commission of the crime or occupied a position of leadership or dominance of other participants in its commission.

"(6) The defendant threatened witnesses, unlawfully prevented or dissuaded witnesses from testifying, suborned perjury, or in any other way illegally interfered with the judicial process.

"(7) The defendant was convicted of other crimes for which consecutive sentences could have been imposed but for which concurrent sentences are being imposed.

"(8) The planning, sophistication or professionalism with which the crime was carried out, or other facts, indicate premeditation.

"(9) The defendant used or involved minors in the commission of the crime.

"(10) The crime involved an attempted or actual taking or damage of great monetary value, whether or not charged or chargeable as an enhancement under section 12022.6.

"(11) The crime involved a large quantity of contraband.

"(12) The defendant took advantage of a position of trust or confidence to commit the offense.

"(b) *Facts relating to the defendant, including the fact that*:

"(1) *He has engaged in a pattern of violent conduct* which indicates a serious danger to society.

"(2) *The defendant's prior convictions* as an adult or adjudications of commission of crimes as a juvenile *are numerous or of increasing seriousness.*

"(3) *The defendant has served prior prison terms* whether or not charged or chargeable as an enhancement under section 667.5. . . ." (Italics added.)

Defendant contends alternatively that the prior conviction in question was subject to dismissal pursuant to section 1385. Raised for the first time on appeal, this contention comes too late. The transcript reveals that the trial judge expressly stated that he was striking the prior under section 1170.1, subdivision (g). Section 1385 was never mentioned in the trial court proceedings.

We do not here undertake a consideration of whether the striking of the prior would have been valid even if the trial court had purported to act under section 1385 and had given its same reasons.[6]

The order striking the prior conviction is reversed, and the case is remanded to the trial court for resentencing in conformance herewith.

Taylor, P. J., and Rouse, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 20, 1979.

---

[6]The California Supreme Court, in its recent decision in *People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328], addressing the authority of the trial court to strike a section 1203.06 enhancement, discusses the limitations on the trial court's exercise of discretion under section 1385 in light of restrictions placed by the Legislature on the striking of enhancement clauses.