[Civ. No. 67083. Second Dist., Div. Four. Apr. 23, 1984.]

CITY OF LOS ANGELES, Plaintiff and Appellant, v.
DENNIS DAN O'BRIAN, Defendant and Respondent.

COUNSEL

Ira Reiner, City Attorney, John T. Neville, Senior Assistant City Attorney, and Richard M. Helgeson, Assistant City Attorney, for Plaintiff and Appellant.

Gilbert, Kelly, Crowley & Jennett, Patrick A. Mesisca, Jr., and Michael I. D. Mercy for Defendant and Respondent.

OPINION

**KINGSLEY, Acting P. J.**—Plaintiff appeals from a summary judgment for defendant in an action to recover damages resulting from an automobile collision. We affirm.

Defendant stole a van. A police officer, on patrol, who had been advised of the theft, saw the van and notified police headquarters of its then location,

that he intended to trail the van, and requested a backup force to assist in making an arrest. The trailing ensued, the officer making no effort to stop the van, until it stopped at a red light. The officer stopped his police car (a black and white patrol car) about 20 feet behind the van. Suddenly, the van backed up at a rate of about 20 miles per hour and hit the patrol car, injuring the officer and damaging the patrol car. The van then speeded up, ran the red light, made a left turn, and left the scene. It was soon stopped by police, and the driver (defendant) arrested. The officer received workers' compensation as a result of his injuries and the patrol car was repaired. The city sued the defendant driver to recover those expenses. The trial court granted summary judgment for defendant and the city has appealed. We affirm.

The summary judgment was granted on the theory that the case falls within the so-called "fireman's rule," which denies recovery to certain public employees[1] for certain injuries incurred during the course and scope of their employment. The city here contends: (1) that summary judgment was improper because the declarations leave open some factual issues upon which application of the rule depends; and (2) that the injuries herein involved do not, in any event, fall within the rule. We reject both contentions.

I

■ The objection to the use of summary judgment is based on the theory that that rule does not apply to intentional acts of the defendant, and that the declarations do not determine whether the driver intentionally backed the van into the patrol car or whether the backing was an accidental result of negligent gear shifting. However, in *Lenthall* v. *Maxwell* (1982) 138 Cal.App.3d 716 [188 Cal.Rptr. 260], we held that the rule did apply to intentional acts if they could reasonably have been forseen by a police officer when he answered a call to respond to an offense which he knew involved the risk of being shot. Therefore, whether the backup was intentional or accidental is here immaterial. The issue is whether it was foreseeable to the officer.

II

■ We conclude that an officer, engaged in a high speed chase of a law violator, should foresee the possibility of a collision. Here, however, the officer was not "chasing" the van but, as the city argues, had deliberately taken such care as was possible to avoid that kind of risk. However, we feel that a police officer, "trailing" a criminal suspect, in a marked police

---

[1] It is uncontested that the rule also applies to employers and others who are economically injured by having to pay the employee for the injuries.

car, should foresee the possibility that the quarry may take measures to avoid apprehension and that ramming the pursuing vehicle is not such an unusual tactic as to render the injury not part of the risks of the police conduct. That being the case, the application of the rule to this case was proper.

The judgment is affirmed.

McClosky, J., and Rudof, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.