[No. A104361. First Dist., Div. Three. Apr. 28, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD GRIFFIN, Defendant and Appellant.

1114

COUNSEL

William Richard Such, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Gregg E. Zywicke and Matthew P. Boyle, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CORRIGAN, J.—When a defendant is convicted of a felony, an additional sentence is authorized if it is further proven that the defendant was on bail for another felony at the time of the crime. Under Penal Code[1] section 12022.1, the felony in connection with which the defendant is on bail is called the primary offense. The felony committed while on that bail is denoted the secondary offense. Under the factual scenario presented here, a consecutive two-year enhancement (12022.1 enhancement) must be imposed and the sentence on the secondary offenses must be ordered to run consecutively to the sentence given for the primary offenses.[2] (§ 12022.1, subds. (b), (e).)

Defendant Richard Griffin was admitted to bail on primary offenses alleged in Arizona. While on that bail he committed secondary offenses in California. After his California conviction, the court determined that he was subject to a 12022.1 enhancement. He argues that this determination was erroneous because 12022.1 only applies when the primary offense is committed in California. That argument fails. We conclude that the enhancement applies regardless of where the primary offense is committed. The trial court,

---

[1] All further unspecified statutory references are to the Penal Code.

[2] The statute takes into account a number of variables that may be presented by specific factual scenarios that differ from that involved here. (See § 12022.1, subds. (d), (f), (g).)

however, erroneously ordered the California sentence to run concurrently with the Arizona term. Such an order violates section 12022.1, subdivision (e), which requires the sentence on a secondary offense to run consecutively to the term imposed for the primary offense. Because the California sentence could not be legally imposed, we reverse the judgment and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with three felonies and one misdemeanor. The information also alleged, pursuant to section 12022.1, subdivision (c), that he committed the California offenses while out of custody on bail for Arizona felony charges. Defendant demurred to the 12022.1 allegation, arguing that the enhancement did not apply when the primary offenses were not committed in California.

The court overruled the demurrer and defendant pleaded guilty to the substantive charges. At a bench trial on the 12022.1 allegation, defendant stipulated that he was on an Arizona bail when arrested for the California crimes. Accordingly, the court found the enhancement true. At the time of sentencing, defendant had already been given a term of five years and six months in Arizona. Here, the court sentenced defendant to five years and eight months, including a consecutive two-year term for the 12022.1 enhancement. The California sentence was ordered to run concurrently with the Arizona imprisonment.

## DISCUSSION

Section 12022.1 provides, in relevant part, that: "(a) . . . : [¶] (1) 'Primary offense' means a felony offense for which a person has been released from custody on bail or on his or her own recognizance prior to the judgment becoming final, including the disposition of any appeal, or for which release on bail on his or her own recognizance has been revoked. . . . [¶] (2) 'Secondary offense' means a felony offense alleged to have been committed while the person is released from custody for a primary offense. [¶] (b) Any person arrested for a secondary offense which was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years in state prison which shall be served consecutive to any other term imposed by the

court." Subdivision (e) of section 12022.1 provides: "If the person is convicted of a felony for the primary offense, is sentenced to state prison for the primary offense, and is convicted of a felony for the secondary offense, any state prison sentence for the secondary offense shall be consecutive to the primary sentence."

■ Defendant argues that felonies committed outside California cannot be considered "primary offenses" because the Legislature failed to expressly refer to those offenses in section 12022.1. However, nothing in the language of the statute limits the section as defendant urges. By failing to exclude any felonies from the definition of a primary offense, all felonies no matter where committed "are obviously included within the general provision[]." (*People v. Biggs* (1937) 9 Cal.2d 508, 510 [71 P.2d 214]; see *People v. Pensinger* (1991) 52 Cal.3d 1210, 1260 [278 Cal.Rptr. 640, 805 P.2d 899] (*Pensinger*).) The Legislature could have drafted the statute as defendant urges but it did not do so.

Defendant relies upon the language used in analogous enhancement and recidivist statutes that expressly refer to the use of prior felony convictions from other jurisdictions. (See, e.g., §§ 667, subds. (a), (d)(2), 667.5, subd. (f), 1170.12, subd. (b)(2), 1203, subd. (e)(4); Health & Saf. Code, § 11370, subd. (c).) He urges that because the Legislature did not employ such language in section 12022.1, it clearly did not intend to include foreign felonies as a basis for the enhancement. However, the language used in the statutes cited by defendant is not language of *inclusion* but rather expresses a legislative *limitation* or *restriction* on the use of out-of-state convictions. (See generally *People v. Lang* (1989) 49 Cal.3d 991, 1038–1039 [264 Cal.Rptr. 386, 782 P.2d 627], and the cases cited therein.) "*In the absence of limitation,* a reference to 'prior felony convictions' is deemed to include any prior conviction which was a felony under the laws of the convicting jurisdiction. [Citations.]" (*Ibid.,* italics added.)

In *People v. Walker* (2002) 29 Cal.4th 577 [128 Cal.Rptr.2d 75, 59 P.3d 150] (*Walker*), the Supreme Court held that section 12022.1 applied even where the only secondary offense the defendant committed while released on bail was a failure to appear as required by a bail condition on the primary offense in violation of section 1320.5. While the particular question is distinguishable from that presented here, the Supreme Court's approach in interpreting section 12022.1 is instructive.

Writing for the *Walker* majority, Justice Baxter noted that, when interpreting legislative intent, "if the statutory language is not ambiguous, then we presume the Legislature meant what it said, and the plain meaning of the language governs." (*Walker, supra,* 29 Cal.4th at p. 581.) In upholding the imposition of the 12022.1 enhancement, Justice Baxter stated: "The language of section 12022.1 provides no exception to its application in the event that the defendant's only secondary offense is a violation of section 1320.5. To the contrary, section 12022.1 is phrased in unqualified terms stating that '[*a*]*ny person arrested for a secondary offense* which was alleged to have been committed while that person was released from custody on a primary offense *shall be subject to a penalty enhancement* of an additional two years in state prison . . . .' The plain meaning of these terms strongly suggests that the Legislature intended section 12022.1 to apply to *secondary felony offenses of any kind without restriction* . . . ." (*Walker, supra,* at pp. 582–583, final italics added.)

As in *Walker,* the language of section 12022.1 sets out no exception that would prevent its application here. In reviewing the legislative history Justice Baxter observed that the Legislature apparently considered defendants convicted of both primary and secondary felonies "as particularly deserving of increased punishment for their on-bail recidivism." (*Walker, supra,* 29 Cal.4th at p. 584.) Certainly there is nothing in the legislative history to indicate that the Legislature considered that those on bail for foreign felonies who come into California and commit secondary felonies here are any less deserving of increased punishment than felons who confine their felonious conduct to their own state. As in *Walker,* the statutory interpretation we adopt here "leads to the rational result that the more culpable offenders receive the greater punishment." (*Ibid.*)[3]

█ There is no procedural bar to applying the sentence enhancement when the primary offense occurs outside California. The statute allows a prosecutor to plead the enhancement in the information or indictment for the secondary offense committed in California. (§ 12022.1, subd. (c).) When, as here, the sentence enhancement is pleaded and proved in the secondary offense, "the secondary-offense court, and only that court, has the authority to either strike the enhancement under section 1385, or to impose the enhancement as part of the defendant's sentence." (*People v. Meloney* (2003) 30 Cal.4th 1145, 1162–1163 [135 Cal.Rptr.2d 602, 70 P.3d 1023].) If the primary offense court has not yet acted, the secondary offense court may stay

---

[3] We are aware that *Walker* was decided by a vote of four to three. However, this case involves completely different substantive offenses, unrelated to defendant's status as a felon on bail. Defendant's underlying crimes share no common elements with the 12022.1 enhancement. Thus, the particular issue that engaged the dissenters in *Walker* is not in play. Nothing in the dissent's analysis in *Walker* is at odds with the conclusion we reach here.

either the imposition or the execution of the enhancement. (*Ibid.*) If the secondary-offense court stays the imposition of the enhancement, after the primary-offense court acts, the defendant is physically transferred back to the secondary-offense court "for a further sentencing hearing to determine whether to strike or impose the enhancement." (*Id.* at p. 1162.) If the secondary-offense court imposes the enhancement but stays its execution, the secondary-offense court can lift the stay after the primary-offense court has acted. (*Id.* at p. 1164.) Our reading of the statutory scheme to include primary offenses even if committed in another jurisdiction does not render any of the statute's terms surplusage. (See *Reno v. Baird* (1998) 18 Cal.4th 640, 658 [76 Cal.Rptr.2d 499, 957 P.2d 1333].) The Legislature's failure to address all potential procedural difficulties and various sentencing possibilities does not support the argument that 12022.1 should not apply to defendant.

■ We reject defendant's related argument that the 12022.1 enhancement violates due process because it does not provide a mechanism for determining whether a foreign charge is a felony for purposes of imposing the enhancement. "This claim ignores the many situations in which state courts are required to interpret and give full faith and credit to foreign judgments. Our federal system of comity, and the law of conflict of laws, rests on the sound assumption that the courts of one state are able to interpret and apply the law of sister jurisdictions." (*Pensinger, supra,* 52 Cal.3d at p. 1261.) In any event, defendant does not claim that the Arizona offenses were not felonies in Arizona or that they would not constitute felony offenses had they been committed in California. We likewise reject his argument that out-of-state defendants are denied due process because they are not likely to receive notice at the time of their release on bail that they are subject to additional punishment if they commit new felonies in California. Section 12022.1 informs accused felons released on bail of the possible consequences of committing felonies in California while on bail.

Defendant contends that as a matter of public policy an accused felon who is released in another state and comes into California and commits a new felony should be exempt from the 12022.1 enhancement. He argues that "California has little interest in punishing a person for 'breach[ing] . . . the terms of his special custodial status' . . . where that status was created in another state, and *no* interest in punishing a person, even in part, for an offense committed in another state which would not be a felony or even an offense in California." We disagree.

■ As noted, defendant was on bail for identity theft and forgery offenses in Arizona when he committed identity theft offenses in California. All these offenses are felonies in both jurisdictions. The 12022.1 enhancement does not punish a defendant for the primary offense in any way; it merely increases the punishment for the secondary California offense. (See *People v. Dutton* (1937) 9 Cal.2d 505, 506 [71 P.2d 218].) Further, 12022.1 "is not 'aimed primarily' at convictions as such, nor does it focus on the offender's status as a 'convicted' person. [Citations.] . . . [S]ection 12022.1's requirement of 'conviction' for the earlier 'bailed' offense appears principally intended to establish with judicial certainty that the charges leading to release on bail . . . were valid. In other words, the Legislature has declined to apply the . . . enhancement to an offense unless a court has also sustained the charge on which the offender was released when he committed it." (*In re Jovan B.* (1993) 6 Cal.4th 801, 814 [25 Cal.Rptr.2d 428, 863 P.2d 673], fn. omitted.) "If the statute was primarily calculated to advance the . . . purpose of ensuring a defendant's compliance with the conditions of his or her release, it likely would have been written to permit the imposition of punishment in the absence of a valid conviction for the first offense." (*People v. Watkins* (1992) 2 Cal.App.4th 589, 594 [3 Cal.Rptr.d 563].)

The 12022.1 enhancement applies and the sentence imposed in California should have run consecutively to the Arizona term. (§ 12022.1, subd. (e).) The court's imposition of a concurrent sentence was illegal. The parties agree, and we concur, that under the circumstances, the judgment must be reversed and the matter remanded for further proceedings. (*People v. Baries* (1989) 209 Cal.App.3d 313, 316, 319 [256 Cal.Rptr. 920].) Because an express condition of defendant's plea cannot be honored, he may move to withdraw his plea. (*Ibid.*)[4]

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

McGuiness, P. J., concurred.

**POLLAK, J.**—I concur in the result reached in the majority opinion, but consider the issue presented to be more difficult. And, in my view, the difficulty highlights the need for legislative clarification.

---

[4] Because the judgment is reversed, we need not consider the additional points raised in defendant's supplemental opening brief.

Numerous other enhancement and recidivist statutes explicitly provide that they apply to felony convictions in other jurisdictions if the elements of the offense would constitute a felony under California law. (Pen. Code,[1] §§ 667, subd. (a)(1) [referring to a person previously convicted of a "serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony"], 667, subd. (d)(2) ["A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7"], 667.5, subd. (f) ["A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense which includes all of the elements of the particular felony as defined under California law"], 1170.12, subd. (b)(2) ["A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7"], 1203, subd. (e)(4) [referring to "[a]ny person who has been previously convicted twice in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony"]; Health & Saf. Code, § 11370, subd. (c) [referring to "[a]ny previous conviction . . . of an offense under the laws of another state or of the United States which, if committed in this state, would have been punishable as such an offense"].) Section 12022.1, however, contains no comparable reference to offenses occurring in other jurisdictions.

The majority opinion correctly points out that "the language used in [these] statutes . . . is not the language of *inclusion* but rather expresses a legislative *limitation* or *restriction* on the use of out-of-state convictions," and that in the absence of any such limitation a reference to prior felony convictions has been held to include a prior conviction that is a felony under the laws of the convicting jurisdiction. (Maj. opn., *ante*, at p. 1116; see also *People v. Lang* (1989) 49 Cal.3d 991, 1038–1039 [264 Cal.Rptr. 386, 782 P.2d 627].) This reasoning logically supports the conclusion that the unqualified reference in section 12022.1, subdivision (a)(1) to "a felony offense for which a person has been released from custody on bail" includes a felony for which the defendant was on bail in another jurisdiction. Nonetheless, the atypical absence of explicit language to the effect that the provision applies to persons on bail in foreign proceedings raises the question of whether in enacting section 12022.1 the Legislature was considering out-of-state bail. If the offense for which a defendant was on bail in another jurisdiction did not constitute a felony in California, is it so clear that section 12022.1 could be used to enhance the defendant's sentence? Subdivisions (c) and (d) of section 12022.1 both contain the suggestion that the statute was not enacted with

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

out-of-state primary offenses in mind. Under subdivision (c), if the secondary conviction occurs while proceedings on the primary offense are still pending, the enhancement allegation "shall be pleaded . . . in the information or indictment of the primary offense." Under subdivision (d), if the defendant is sentenced on the secondary offense prior to conviction on the primary offense, the imposition of the enhancement shall be stayed pending imposition of the sentence for the primary offense and "[t]he stay shall be lifted by the court hearing the primary offense at the time of sentencing for that offense and shall be recorded in the abstract of judgment." Certainly our Legislature recognizes that it has the authority to issue such directives only with respect to proceedings in California courts. The fact that the statute purports to issue directives that are beyond the power of the Legislature if the statute is construed to apply to primary offenses occurring in other jurisdictions, is an indication that the Legislature was not considering offenders on bail in other jurisdictions when it enacted section 12022.1.

Despite these indications of a more restrictive legislative intent, the contrary indications to which the majority opinion refers are in my judgment more persuasive. The statute does make unqualified reference to "a felony offense." There is no suggestion in the legislative history that the Legislature intended to treat offenders on bail in other states less sternly than those committing new offenses while on bail in California. No plausible reason has been suggested why the Legislature might wish to draw such a distinction. Thus, it seems much more likely that the Legislature simply overlooked potential qualifications in the application of the statute to persons on bail for primary out-of-state offenses than that the Legislature did not intend section 12022.1 to apply to such persons at all. Moreover, the more expansive interpretation of the statute is consistent with the public policy evidenced by the very enhancement provisions cited above of applying such provisions to offenses occurring in other jurisdictions. Indeed, section 668 expresses this policy broadly, and without limitation, with respect to "all statutes that provide for an enhancement or a term of imprisonment based on a prior conviction or a prior prison term."[2] Although section 12022.1 bases the enhancement not on the fact of a prior conviction but on the offender's status on bail when committing the subsequent offense, the policy evidenced by section 668 and the other enhancement provisions is equally applicable in the present context.

---

[2] Section 668 reads: "Every person who has been convicted in any other state, government, country, or jurisdiction of an offense for which, if committed within this state, that person could have been punished under the laws of this state by imprisonment in the state prison, is punishable for any subsequent crime committed within this state in the manner prescribed by law and to the same extent as if that prior conviction had taken place in a court of this state. The application of this section includes, but is not limited to, all statutes that provide for an enhancement or a term of imprisonment based on a prior conviction or a prior prison term."

Although I join in the court's interpretation of section 12022.1, I would urge that consideration be given to amending the statute to eliminate the potential for uncertainty. In this case defendant's primary offense unquestionably is a felony under the laws of both states. When that is not so, the uncertainty will assume greater significance.

A petition for a rehearing was denied May 18, 2005, and appellant's petition for review by the Supreme Court was denied August 10, 2005. Werdegar, J., did not participate therein.