[Civ. No. 23503. Third Dist. May 30, 1984.]

JOHN ROBERT PANOS, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Kenneth M. Wells, Public Defender, and Larry M. Kazanjian, Assistant Public Defender, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**PUGLIA, P. J.**—Petitioner John Robert Panos (defendant) is charged in respondent superior court with robbery (Pen. Code, § 211) committed on August 8, 1983. ▇▇▇ The information also alleges as an enhancement under Penal Code section 12022.1 that defendant committed the Sacramento robbery while released on bail pending trial in Los Angeles County for an earlier robbery; it is not alleged defendant was convicted of the Los Angeles offense.

Defendant moved pursuant to Penal Code section 995 to set aside the enhancement allegation. (*People* v. *Superior Court* (*Mendella*) (1983) 33 Cal.3d 754, 763 [191 Cal.Rptr. 1, 661 P.2d 1081].) Respondent court denied the motion. We issued an alternative writ of prohibition to review the sufficiency of the evidence adduced at the preliminary examination to support the charged enhancement. (Pen. Code, § 999a.)

At the preliminary examination, the People offered proof that defendant committed the charged robbery while released from custody on bail pending trial on an earlier Los Angeles robbery charge. There was no proof that defendant had ever been convicted of the Los Angeles offense. Petitioner contends that a conviction of the earlier felony is a necessary element of an enhancement charged under Penal Code section 12022.1 and that the failure to prove a conviction requires dismissal of the enhancement allegation. We agree.

▇▇▇ Penal Code section 12022.1 is set out in full in the margin.[1] It unambiguously requires an earlier conviction as a prerequisite to a penalty

---

[1]Penal Code section 12022.1, effective January 1, 1983, provides: "Any person convicted of a felony offense which was committed while that person was released from custody on bail or on his or her own recognizance pending trial on an earlier felony offense shall, upon conviction of the later felony offense, be subject to a penalty enhancement as follows: [¶] (a) If the person is convicted of a felony for the earlier offense, is sentenced to state prison for the earlier offense, and is convicted of a felony for the later offense, any state prison sentence for the later offense shall be consecutive to the earlier sentence. In addition, the sentence for the later offense shall be enhanced by an additional term of two years. [¶] (b) If the person is convicted of a felony for the earlier offense, is granted probation for the earlier offense, and is convicted of a felony for the later offense, any state prison sentence for the later offense shall be enhanced by an additional term of two years. [¶] (c) If the earlier offense conviction is reversed on appeal, the enhancement shall be suspended pending retrial of that felony. Upon retrial and reconviction, the enhancement shall be reimposed. If the person is no longer in custody for the later offense upon reconviction of the earlier offense, the court may, at its discretion, reimpose the enhancement and order him or her recommitted to custody." (Stats. 1982, ch. 1551, § 2.)

enhancement thereunder. (Cf. *People* v. *Superior Court (Price)* (1984) 150 Cal.App.3d 486, 488-489 [198 Cal.Rptr. 61].) Upon conviction of the subsequent, on-bail offense a defendant is subject to the penalty enhancement in only three circumstances, all of which contemplate a preexisting conviction of the earlier felony offense. Subdivision (a) mandates an enhancement when the person is convicted of the earlier offense and is sentenced to state prison for that offense. Subdivision (b) mandates an enhancement where the person is convicted of the earlier offense but is granted probation for that offense. Subdivision (c) provides sentencing alternatives in the event the conviction of the earlier offense is reversed on appeal; the enhancement is suspended pending retrial and may be reimposed upon reconviction of the earlier offense.

Textual changes in Assembly Bill No. 692 by which section 12022.1 was enacted confirm that the Legislature intended the statute to be inapplicable absent conviction upon the earlier felony charge. As originally introduced on February 26, 1981, the bill did not require conviction of the earlier offense. As amended on May 6, 1981, however, the bill provided: "This section shall not apply where the person is not convicted of the original felony offense for which he or she was released on bail or on his or her own recognizance." A later amendment on May 12, 1982, deleted this language and added subdivisions (a), (b), and (c) which have the same effect as the deleted language.

An analysis of the amended bill by the staff of the Senate Committee on Judiciary indicates the Legislature was well aware of the limited scope of the proposal. The staff analysis acknowledges that amended Assembly Bill No. 692 ". . . poses some difficulties of application because of the contingent nature of the triggering event, i.e., conviction for the first felony . . . . If the crime committed while on bail takes place in another jurisdiction (e.g., another county), trial on the second charge can be, and often is, held first. In such a situation the enhancement proposed by this bill could not be applied, since a fact finder could not determine, as this bill would require, that the defendant had been out on bail on a felony charge which later resulted in a conviction."

■ The trial court determined and the People urge us to find that conviction on the earlier Los Angeles felony is a necessary predicate only for execution of the enhanced penalty and is not an essential element of the enhancement charge itself. Thus, the argument goes, if the court in Sacramento finds the section 12022.1 enhancement to be true as alleged even without proof the earlier felony resulted in a conviction, the enhanced penalty can be imposed but its execution must be stayed pending factual resolution of the Los Angeles charge.

We decline to adopt the People's interpretation because it would add to the statute a dimension which is neither expressly included in nor suggested by its plain language. Penal Code section 12022.1 addresses various sentencing possibilities *after* a conviction on the earlier felony offense has been established, but it significantly fails to provide a mechanism for imposing and then staying service of the penalty enhancement pending a conviction on the earlier felony charge.

■ The trial court should have granted defendant's motion to dismiss the enhancement allegation for lack of proof that the earlier Los Angeles felony charge resulted in a conviction.

Let a peremptory writ of prohibition issue barring respondent superior court from conducting further proceedings against defendant on the Penal Code section 12022.1 enhancement allegation in the information. The alternative writ having served its purpose is discharged. The stay previously issued is vacated upon finality of this decision.

Regan, J., and Sims, J., concurred.