[No. H003879. Sixth Dist. Mar. 31, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
DOROTHY FAY BARIES, Defendant and Appellant.

**COUNSEL**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Blair W. Hoffman and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Appellant.

Sheldon Portman for Defendant and Appellant.

## OPINION

**COTTLE, J.**—Defendant, Dorothy Fay Baries, and the People both appeal contending that the sentence imposed pursuant to a guilty plea is unauthorized by law. This appeal raises only sentencing issues; therefore the facts are not relevant.

Baries pleaded guilty to the following offenses: two counts of second degree burglary (Pen. Code, §§ 459, 460, subd. 2) and one count of escape from a county jail (Pen. Code, § 4532, subd. (b)).[1] She admitted being out of custody on bail when she committed the burglaries, invoking the crime-on-bail enhancement of section 12022.1. When she committed the burglaries she was on bail for offenses committed in Merced County on which a prison term of four years and four months was later imposed.

The court imposed this sentence: the midterm of two years on one of the burglary offenses (being the principal term within § 1170.1, subd. (a)); an eight-month consecutive subordinate term on the second burglary offense; a consecutive two-year term for the section 12022.1 enhancement; and an eight-month consecutive term for the escape. This five-year, four-month Santa Clara County sentence was imposed to run concurrently with the Merced County sentence. Concurrency was an express condition of the plea.

The People contend the sentence is illegal because section 12022.1 requires consecutive sentencing on the Merced and Santa Clara County offenses. Baries admits this contention but argues that on this record the trial judge's imposition of concurrent sentences amounts to an exercise of his power under section 1385 to strike the enhancement. Additionally, Baries makes these further arguments: (1) the court was not authorized to impose the two-year term for the section 12022.1 enhancement; (2) the trial judge misconceived his discretion to sentence the escape offense as either a felony or a misdemeanor, and consequently he imposed a consecutive prison sentence for the escape without being aware that he had other options; (3) the sentence violates the twice the base term limitation of section 1170.1, subdivision (g).

In imposing the sentence, the trial judge, responding to the district attorney's objection that the concurrent sentences were unauthorized by law, made these relevant comments: "THE COURT: There's actually no problem getting to any type of number you want to do. But court is stuck with the, I guess, kind of naive position. Court likes to see justice done, proper sentence

---

[1] All further statutory references are to the Penal Code.

imposed. Court does not like to generally hide behind certain rules to make sure that injustices are done or something the court does not figure is in the real, real interest of justice.

"Imposing a sentence just because mathematically it has to be spitted out, I'm glad we're not at the point where computers are just put into a machine and let the machine do the sentencing and these are the numbers you come up with.

"Court is well aware that I deal with human lives, I deal with human emotions, I deal with real victims, I deal with real crimes. And at the time I do sentencing I want to be able to look at a defendant square in the eye and say I'm doing this because I feel this is exactly what should be done.

"I'm not very familiar with what happened in Merced, I'm not familiar with the procedures that occurred in Merced, I'm not familiar with the basis of their sentencing or what factors they took into consideration or why they imposed the sentence that they did.

"I prefer imposing a sentence in Santa Clara County based upon the acts that were committed in Santa Clara County, the charges that she pled to, based upon facts of the case that's here.

"I have absolutely no problem about taking into consideration the fact she does have prior convictions in Merced County. I'm very, very reluctant to stack my sentence consecutive to the sentence imposed in Merced without knowing the thinking and underlying considerations the court took in that particular jurisdiction.

"If the law is such that I have to impose a consecutive sentence to that sentence imposed in Merced County, I will do so, and I will do so only if I am ordered to do so by the Court of Appeal."

## DISCUSSION

■ The imposition of concurrent sentences on the Merced and the Santa Clara County offenses was clearly unauthorized by law. Section 12022.1, quoted in full in the margin[2] provides in relevant part, in subdivi-

---

[2] Section 12022.1 provides in relevant part as follows: "(a) For the purposes of this section only: [¶] (1) 'Primary offense' means a felony offense for which a person has been released from custody on bail or on his or her own recognizance prior to the judgment becoming final, including the disposition of any appeal, or for which release on bail or his or her own recognizance has been revoked. [¶] (2) 'Secondary offense' means a felony offense alleged to have been committed while the person is released from custody for a primary offense. [¶] (b) Any

sion (e): "If the person is convicted of a felony for the primary offense, is sentenced to state prison for the primary offense, and is convicted of a felony for the secondary offense, any state prison sentence for the secondary offense shall be consecutive to the primary sentence." This language plainly requires consecutive positioning of the primary offense sentence (Merced County) and the secondary offense sentence (Santa Clara County). Baries does not argue otherwise.

■ Instead, she contends that the language of the trial judge quoted above indicates his intent to exercise his discretionary powers under section 1385 to dismiss the enhancement in furtherance of justice. She stresses especially such language as his comment that a consecutive sentence would not be "in the real, real interest of justice," as well as his comments refusing to be bound by mechanistic rules and wishing to "look at a defendant square in the eye and say I'm doing this because I feel this is exactly what should be done."

Baries's argument cannot succeed. First, the trial judge cannot be said to have committed the functional equivalent of striking the enhancement when he in fact imposed a consecutive two-year sentence for the enhancement on the Santa Clara term. There is no logical procedure by which he could have dismissed or stricken the enhancement and still arrived at the sentence he in fact chose. What he wished to avoid was consecutive sentencing, which the statute mandates. This sentence is unauthorized by law.

Also, there is no authority for the proposition that the portentous power to dismiss charges in furtherance of justice may be exercised by implication. We are not inclined to create such a precedent. To dismiss a charge of which a defendant has been convicted, whether by a jury or by his or her plea, is a serious matter which should be the result of deliberate, focused reflection. As the People correctly point out, not only may the power not be exercised implicitly, but the judge must in fact place reasons on the record for a dismissal under section 1385. (E.g., *People* v. *Orin* (1975) 13 Cal.3d 937, 943 [120 Cal.Rptr. 65, 533 P.2d 193]; *People* v. *Rivadeneira* (1985) 176 Cal.App.3d 132, 136 [222 Cal.Rptr. 548].)

---

person arrested for a secondary offense which was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years in state prison which shall be served consecutive to any other term imposed by the court. . . . [¶] (e) If the person is convicted of a felony for the primary offense, is sentenced to state prison for the primary offense, and is convicted of a felony for the secondary offense, any state prison sentence for the secondary offense shall be consecutive to the primary sentence. [¶] (f) If the person is convicted of a felony for the primary offense, is granted probation for the primary offense, and is convicted of a felony for the secondary offense, any state prison sentence for the secondary offense shall be enhanced as provided in subdivision (b)."

■ It follows that the concurrent sentence was unauthorized and could not have been lawfully imposed. It must be vacated, and the trial court must give Baries, if she chooses, the opportunity to withdraw her plea since it cannot be honored. (§ 1192.5; *People* v. *Pinon* (1973) 35 Cal.App.3d 120, 125 [110 Cal.Rptr. 406]; *People* v. *Jackson* (1981) 121 Cal.App.3d 862, 869 [176 Cal.Rptr. 166].)

We turn to other contentions which should be discussed for the guidance of the trial court in resentencing Baries. ■ First we consider the propriety of imposing the two-year enhancement for the section 12022.1 admission.

Baries's first argument is that in the situation which we have here—where the defendant is convicted of both the primary and the secondary offense and is sentenced for each offense—the enhancement cannot be imposed.

Baries argues that differences in the wording of subdivisions (e) and (f) of the statute require the above result. Subdivision (e)—the two prison sentence situation—contains no language imposing the enhancement, whereas by contrast, subdivision (f), which deals with the situation where defendant receives probation on the primary offense, does contain language specifically imposing the enhancement. To illustrate: in subdivision (e)—the situation where defendant is convicted and sentenced to state prison for the primary offense—"any state prison sentence for the secondary offense shall be consecutive to the primary sentence." The subdivision contains no reference to any enhancement. In contrast, subdivision (f)—the situation where the defendant is convicted and granted probation for the primary offense—says "any state prison sentence for the secondary offense shall be enhanced as provided in subdivision (b)." Thus, this subdivision specifically authorizes enhancement. Defendant concludes from these differences in the language of the two subdivisions that the statute presents an alternative statutory sentencing scheme: if probation is granted on the primary offense, then defendant receives the prison sentence on the secondary offense, plus the enhancement (subd. (f)); whereas if he receives prison sentences on both offenses, the sentences are imposed consecutively, but with no enhancement.

In addition to basing his argument on the difference in the wording of the two subdivisions, defense counsel also points out that a 1985 amendment to section 12022.1 indicates a legislative intent not to impose the enhancement in the subdivision (e) situation. The former version of section 12022.1 specifically imposed the enhancement in the subdivision which corresponded to present subdivision (e) (dealing with the two sentence situation), but the 1985 legislative amendment specifically deleted from that subdivision the

language imposing the enhancement. Thus, the original 1982 version of section 12022.1 presented the alternative sentences for probation and two prison sentence situations in subdivisions (a) and (b), each of which concluded with the words "sentence for the later offense shall be enhanced by an additional term of two years." (Stats. 1982, ch. 1551, § 2, p. 6050.) In 1985 the statute was amended to produce the present version, which retains the specific reference to enhancement only in subdivision (f), the probation situation. (Stats. 1985, ch. 533, § 1, p. 1906.) Defense counsel argues that these changes exhibit a legislative intent not to impose the enhancement in the situation of a sentence on the primary offense, since the authorizing language for the enhancement has been specifically withdrawn. (Citing, e.g., *Ford Motor Co.* v. *County of Tulare* (1983) 145 Cal.App.3d 688, 691-692 [193 Cal.Rptr. 511].)

If we were to look only at subdivisions (e) and (f) and the above stated history of those provisions, we would be bound to conclude that section 12022.1 imposes no enhancement in a two-sentence situation. However, "[w]hen a penal provision is part of a general legislative scheme, it must be construed with reference to the entire scheme, so that harmony may be achieved among the parts." (*People* v. *Jackson* (1987) 192 Cal.App.3d 209, 218 [237 Cal.Rptr. 373].) Construing this same statute, section 12022.1, the court in *People* v. *Jackson* refused to apply literally language in subdivision (e) which appears to call for imposing the second ("secondary") sentence consecutive to the first or "primary" sentence regardless of their relative lengths. The *Jackson* court said that such an interpretation would be inconsistent with the mechanism for imposing a consecutive sentence which is set out in section 1170.1, the statute which sets forth " 'the general sentencing scheme for multiple convictions.' " (*Id.*, p. 219.) Under section 1170.1, the longest term imposed by the court must be the principal term, and shorter terms are the subordinate consecutive terms. The *Jackson* court said that the same procedure applies in a bail enhancement situation; the general procedure of section 1170.1 controls, rather than the wording of subdivision (e) of section 12022.1. The result was that the primary and secondary sentences must be imposed consecutively, with the longest of the two (rather than the first of the two) being the base term and the shorter term being the consecutive subordinate term. The *Jackson* court reasoned that any other interpretation would violate the fundamental scheme of the determinate sentencing law and hence was not intended by the Legislature.

Here, it is similarly unlikely that the Legislature intended to impose no enhancement in the situation of subdivision (e). For one thing, such a construction leads to absurd results. Our calculations show that in a great many situations the defendant would end up serving a longer sentence when granted probation on the primary offense than when sentences were

imposed on both offenses, a result which makes no sense at all in the larger context of the aim of the determinate sentence law to impose punishment commensurate with culpability. In the margin we explain the basis for this conclusion.[3]

Further, we have examined the legislative history of the 1985 amendment to section 12022.1. Nothing in that history indicates any legislative intent to eliminate the enhancement in the two-sentence situation; that possibility is nowhere discussed in any of the materials available from the state archives. The purpose of the 1985 amendment was to overrule certain appellate court decisions which had "eviscerated" section 12022.1, in the minds of certain legislators, by holding (1) that there could be no enhancement if the defendant had already been convicted of the primary offense before committing the secondary offense (*McMillon* v. *Superior Court* (1984) 157 Cal.App.3d 654 [204 Cal.Rptr. 52]) and (2) that the enhancement could not be imposed where the defendant was not convicted of the primary offense before the preliminary hearing on the secondary offense (*Panos* v. *Superior Court* (1984) 156 Cal.App.3d 626 [203 Cal.Rptr. 115], following *People* v. *Superior Court* (*Mendella*) (1983) 33 Cal.3d 754 [191 Cal.Rptr. 1, 661 P.2d 1081]). (See Bill Analysis, Dept. of Corrections, Sen. Bill No. 343, Mar. 20, 1985; Rep. of Assembly Com. on Public Safety, Sen. Bill No. 343, prepared for hearing on June 3, 1985, Larry Stirling, Chair; letter from Cal. Atty. Gen. to Sen. Ed Davis dated Dec. 27, 1984, re Sen. Bill No. 343.) The bill analysis of Senate Bill No. 343 (the 1985 amendment to § 12022.1) dated March 7, 1985, prepared by the Department of Justice, criticized the language imposing the enhancement in the two-sentence situation as being unclear "since the consecutive requirement appears to apply to the enhance-

---

[3] We calculate the following results if the enhancement were imposed only when defendant receives probation on the primary offense (assuming for simplicity only midterms are imposed and there are no extraneous consecutive sentences or enhancements other than the 12022.1 enhancement): First, whenever the sentence for the primary offense were less than six years, the defendant would receive a shorter sentence if he were sentenced for both offenses, than if he received probation on the primary offense, provided that the sentences on the primary and secondary offenses were equal, or the primary offense sentence were shorter than the secondary offense sentence. For example: if the sentence on the primary offense were two years, and the sentence on the secondary offense were four years, the results would be (a) if probation were granted on the primary offense, a sentence of four years plus two years enhancement equals six years; and (b) if no probation were granted, the sentence would be a base term of four years plus a subordinate term of one-third (two years) equals four and two-thirds years, which is less than six years, so that the punishment would be more severe when probation was granted. As another example: if the sentences on both the primary and secondary offenses were two years, the results would be (a) if probation were granted on the primary offense, the sentence would be two years plus the two-year enhancement equals four years; and (b) if no probation were granted, then the sentence would be a base term of two years plus a subordinate term of one-third (two years) equals two and two-thirds years, again a shorter sentence than if probation were granted.

Clearly, none of these results is likely to have been legislatively intended.

ment penalty rather than the later felony offense." That analysis suggested clarification of the requirement that the sentences be imposed consecutively. It expressed no intent to eliminate the enhancement in such a situation. Further, the existing state of the law before 1985 is summarized at several locations in the legislative history of Senate Bill No. 343, referring inter alia to the fact that under pre-1985 law the enhancement was imposed in either situation (probation or two prison sentences). No legislative desire to change that result is anywhere articulated. We conclude the legislative history gives no support to the argument that the Legislature intended to eliminate the enhancement from the two-sentence situation.

Results which are sensible and consonant with the actual legislative history of section 12022.1 can be achieved if we treat the enhancement as being required under both subdivisions (e) and (f). To achieve that result we must read subdivision (b) of section 12022.1 as the general provision which imposes the enhancement. Subdivision (b) sets out the enhancement mechanism, providing that a secondary offender "shall be subject to a penalty enhancement of an additional two years in state prison which shall be served consecutive to any other term imposed by the court." If this is the part of the statute mandating imposition of the enhancement, then the statute imposes it in both the situations of subdivisions (e) and (f) and no anomalous results will occur except that in subdivision (f) the language again imposing the enhancement is surplus.

Although no decision directly considers the issue before us here, several have imposed the full two-year enhancement in two-sentence situations, by authority of this subdivision. (E.g., *People* v. *Jackson, supra,* 192 Cal.App.3d 209 which, however, applies the 1982 version of the statute; and *People* v. *Warinner* (1988) 200 Cal.App.3d 1352 [247 Cal.Rptr. 197], and *People* v. *Stuckey* (1988) 199 Cal.App.3d 876, 887 [245 Cal.Rptr. 225], which do not discuss the point.)

■ The rule of construction of criminal statutes is that when penal laws are ambiguous the court must adopt the construction most favorable to the defendant. (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 896 [231 Cal.Rptr. 213, 726 P.2d 1288]; Sutherland on Statutory Construction (4th ed. 1986) § 59.03, pp. 11-14.) ■ The People do not deny the rule but contend section 12022.1 is not ambiguous. Given the unexplained differences in wording of subdivisions (e) and (f), as well as the problems dealt with in *Jackson, supra,* we would blush to conclude that this is a plain and unambiguous statute.

However, we follow the lead of the *Jackson* court in declining a construction of the statute which leads to absurd and meaningless results which

were not intended by the Legislature. Regardless what conclusions might flow from the difference in language in subdivisions (e) and (f), considered in isolation, it is plain that the Legislature did not intend to impose a more severe sentence when the defendant committing an offense while on bail receives probation for the primary offense than when he does not. The only interpretation of the statute which avoids such results is that the enhancement is generally mandated by subdivision (b) in all cases where the defendant commits an offense while on bail (and is convicted of the primary offense). If he is sentenced to prison for both offenses, the sentences must be imposed consecutively under subdivision (e), as well as being enhanced by two years under subdivision (b); but if he is only sentenced to prison on the secondary offense, he is punished by imposition of sentence on that offense plus the enhancement. This interpretation treats as surplus the language of subdivision (f) which directs imposition of the enhancement in the probation situation. Given the choice between interpreting the statute to effectuate all of its parts and reach an absurd result, or instead treating part of the statute as surplus, we opt for the latter, and hope the Legislature may consider redrafting section 12022.1 to eliminate meaningless differences in the wording of subdivision (e) and subdivision (f).

We conclude that the proper construction of section 12022.1 requires consecutive sentencing, and a full two-year enhancement, under subdivision (e). Accordingly the trial court correctly imposed the enhancement, but it should have sentenced consecutively on the secondary and primary offenses.

We turn to the contention that the court did not exercise informed discretion when it imposed the sentence for the escape. There is no basis in the record for this contention. The court's reference to the legal requirement of consecutive sentencing for a felony escape may have been nothing more than a statement of applicable law. Further, at that point Baries had already pleaded to that charge with the expectation of a prison sentence; hence, short of exercising a section 1385 power, the court actually had no choice. There is no basis for this argument.

With regard to the contention that the sentence, including the section 12022.1 enhancement, may not exceed the twice-the-base-term limitation of section 1170.1, subdivision (g), we conclude that it is inappropriate to resolve the issue presently. This issue may become moot in light of the necessity for remand and the possibility that a shorter sentence will be imposed. We observe there is present uncertainty as to the meaning of the twice-the-base-term limitation; three recent decisions construing subdivision (g) of section 1170.1 have been affected by California Supreme Court order. (*People* v. *Prather* and *People* v. *Brite,* review granted; *People* v. *Mason,* ordered depublished.) We note that subdivision (g) of section 1170.1 lists

many specific sentence choices which are expressly excepted from the twice the base term limitation, but does not include the enhancement under section 12022.1 as such an express exception. The failure of section 1170.1, subdivision (g) to include the 12022.1 enhancement as an exception considerably weakens the People's position that the enhancement is an exception to the limitation. However, in light of the recent uncertainty regarding the proper construction of the statute and the possible mootness of the issue here, we decline further comment on the matter.

## DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings in accordance with this opinion.

Agliano, P. J., and Elia, J., concurred.