[No. F017404. Fifth Dist. Apr. 20, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE ELOY RODRIGUEZ ALANIZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976.1, this opinion is certified for publication with the exception of part II of Discussion.

**COUNSEL**

Raymond L. Girard, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael

J. Weinberger and Mary Jane Hamilton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THAXTER, J.**—This case presents the question of when, and by which court, the two-year on-bail enhancement provided for in Penal Code[1] section 12022.1 should be imposed under the circumstances described in subdivision (d)[2] of that statute, i.e., when the defendant has reoffended (i.e., committed a "secondary" offense) while on bail or own-recognizance release on charges stemming from a previous (i.e., "primary") offense, and sentencing on the secondary offense precedes sentencing on the primary offense.

### PROCEDURAL HISTORY

On October 15, 1990, a criminal complaint was filed in the Fresno County Justice Court, Firebaugh Judicial District, charging appellant Jose Eloy Rodriguez Alaniz with two felony and three misdemeanor counts. The two felony charges were driving with a blood-alcohol level of 0.08 percent or more with three or more similar prior convictions within the past seven years (Veh. Code, §§ 23152, subd. (b), 23175), and driving while under the influence with three or more similar prior convictions within the past seven years (Veh. Code, §§ 23152, subd. (a), 23175). The misdemeanors are not relevant to the instant appeal.

Apparently appellant was released on bail or his own recognizance on the Fresno County charges on October 22, 1990. Thereafter, on December 22, 1990, appellant was involved in a head-on collision during a high-speed pursuit in Merced County. Timothy Randolph, the driver of the other vehicle, died as a direct result of the collision. Appellant's blood-alcohol level was more than twice the legal limit.

Appellant was thereafter charged in Merced County with eight felony counts, including murder, gross vehicular manslaughter, driving under the

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

[2]Subdivision (d) of section 12022.1 provides:

"Whenever there is a conviction for the secondary offense and the enhancement is proved, and the person is sentenced on the secondary offense prior to the conviction of the primary offense, the imposition of the enhancement shall be stayed pending imposition of the sentence for the primary offense. The stay shall be lifted by the court hearing the primary offense at the time of sentencing for that offense and shall be recorded in the abstract of judgment. If the person is acquitted of the primary offense the stay shall be permanent."

influence, evading arrest and auto theft. A section 12022.1 enhancement was alleged as to each count. Appellant admitted the truth of these enhancements.

After a jury trial, appellant was found guilty of each of the eight charged Merced County offenses.[3]

At appellant's Merced County sentencing on November 13, 1991, the following discussion occurred as regards sentencing generally, and the section 12022.1 enhancements in particular:

"[PROSECUTOR]: The enhancement, Judge, I think you are just bound by case law which suggests that whenever there is a conviction for the secondary offense, which this is because—an enhancement is proved, and the person is sentenced on the secondary offense prior to conviction of the primary offense, the imposition of the enhancement shall be stayed pending the imposition of sentence for the primary offense. The stay shall be lifted upon the court hearing the primary offense at the time of sentencing for that offense and shall be reported on the abstract of judgment.

"So we would just ask you to follow the law on that and stay that until the matter is resolved in the other county for the primary offense. With that I submit it.

"THE COURT: Thank you.

"[DEFENSE COUNSEL]: I would agree with that latter part, your Honor. That was included in my memo.

"THE COURT: Any cause why legal sentence should not be imposed at this time?

"[DEFENSE COUNSEL]: No cause, your Honor.

"THE COURT: Mr. Alaniz, will you please stand.

"On Count I it will be the sentence of the court that you be sentenced to fifteen years to life imprisonment[. On] Count VIII I'm going to sentence you to the mid term of two years to be served consecutively, on Count IX that will be six months, that will be served concurrently, that's the

---

[3]Appellant's appeal from the Merced convictions is pending in this court (F017003). After having given notice to the parties of our intention to do so, we take judicial notice of the record in that case.

misdemeanor. Counts II, III, IV, V, VI and VII are stayed as is the enhancement pending the resulting finding down in the lower court."

Following his commitment to prison by the Merced court, appellant was returned to Fresno County on the charges pending there. On January 22, 1992, appellant admitted to the violation of Vehicle Code sections 23152, subdivision (a), and 23175 (driving under the influence with three or more similar prior convictions). The remaining counts were dismissed.

On February 19, 1992, appellant waived formal arraignment and was sentenced by the Fresno County Superior Court.

Initially, the court imposed a sentence of a two-year middle base term, run consecutive to the Merced determinate sentence as one-third the base term, or eight months. Appellant then informed the court that the section 12022.1 enhancement in the Merced case was "trailing."

The court examined the text of section 12022.1 and concluded that "[t]he defendant is probably right. The 12022.1 has been stayed pending sentencing on the primary offense. 'The stay shall be lifted by the Court hearing the primary offense,' that's me, 'at the time of the sentencing for that offense and shall be recorded in the abstract of judgment."

"THE COURT: So it's an eight months on this case, which is statutory one-third the mid term, and that's the primary offense, and that's because we can't change anything about it. The offense in Merced County is the principal term because it's an indeterminate 15-to-life. It is the principal term.

"[DEFENSE COUNSEL]: Yeah.

"THE COURT: So this case, as I see it, the only thing we can do without more clarity—if anybody knows some case law on this statute, I'm not aware of any—is to impose the eight months, lift the stay on the 12022.1 two-year, and the rest of the sentence from Merced has been imposed, so it gives him a two-year-eight-month determinate plus a 15-to-life indeterminate.

"[DEFENSE COUNSEL]: Okay. Now we can't lift the stay on Merced, they have to.

"THE COURT: That's exactly what the Penal Code says I have to do.

"[PROBATION OFFICER]: He has to.

"THE COURT: It's exactly what it says I have to.

"[DEFENSE COUNSEL]: Okay. In any event I'll be requesting that this sentence of two years be concurrent.

"THE COURT: All right. Submit it?

"[DEFENSE COUNSEL]: Submit it.

"THE COURT: It's imposed consecutive. I'll lift the stay on the 12022.1 or order that the case be remanded to Merced County for that purpose. It is—it is the stated approval of this Court of the plea condition to result in a total sentence of two years eight months determinate to be followed by 15 years to life indeterminate for the second degree murder out of Merced county.

"If for any reason, legal or discretionary from another county this sentence is not imposed properly, I'll reserve jurisdiction to bring the case back and attempt to straighten it out. Okay?

"[DEFENSE COUNSEL]: Okay."

The court awarded appellant 666 days of presentence custody credits as calculated in the probation report, consisting of 444 actual local custody credits and 222 local conduct credits.

The Fresno abstract of judgment does not mention the lifting of the Merced County stay. In addition, it reflects that appellant was sentenced to a two-year term rather than only one-third (eight months) of the midterm for the conviction under Vehicle Code sections 23152, subdivision (a), and 23175.

On February 25, 1992, the Fresno court made a minute order vacating its previous order to transport appellant to Merced County for further proceedings. Instead, appellant was ordered transported to a state correctional institution.

DISCUSSION

I. *Imposition of section 12022.1 enhancement.*

 The issue presented here revolves around that portion of section 12022.1, subdivision (d) which directs that when the defendant is sentenced for the secondary offense, "imposition of the enhancement shall be stayed" and "[t]he stay shall be lifted by the court hearing the primary offense at the

time of sentencing for that offense. . . ." Appellant contends the enhancement has never been imposed and can only be imposed by the Merced court. Respondent argues that the Merced court imposed but stayed the enhancement, or at least made it "formally of-record" and that the Fresno court's lifting the stay completed the process.

If the record supported respondent's contention, we would agree with its argument. As we shall explain, we see no reason why the court sentencing for the secondary offense could not impose but stay execution of the enhancement pending sentencing for the primary offense. If the stay is then lifted by the court hearing the primary offense, nothing remains to be done.

There is, of course, a distinction between suspending imposition of sentence and suspending the execution of a sentence which has been imposed. This is best evidenced by the probation statutes. For example, section 1203.1 begins: "The court or judge thereof, in the order granting probation, may suspend the imposing, or the execution, of the sentence . . . ." (See generally, 3 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) §§ 1659-1661, pp. 1970-1972.) The same distinction apparently applies to enhancements. (See, e.g., *People* v. *Bell* (1984) 159 Cal.App.3d 323, 329 [205 Cal.Rptr. 568] [enhancements imposed, but execution partially stayed to comply with double-the-base-term limitation]; *People* v. *Whigam* (1984) 158 Cal.App.3d 1161, 1169 [205 Cal.Rptr. 227] [same].)

Thus, it is arguable that the Legislature intended to distinguish between a stay of imposition and a stay of execution for an "on-bail" enhancement attaching to a secondary offense conviction when the primary offense is still pending. A review of the statute's history, however, convinces us otherwise.

The procedural provisions of section 12022.1 dealing with cases in which sentencing on the secondary offense precedes sentencing on the primary offense were added by amendment in 1985. (Stats. 1985, ch. 533, § 1, p. 1905.) The amendment's legislative history shows that its purpose was to overrule certain appellate court decisions, specifically including *Panos* v. *Superior Court* (1984) 156 Cal.App.3d 626 [203 Cal.Rptr. 115]. (*People* v. *Baries* (1989) 209 Cal.App.3d 313, 321 [256 Cal.Rptr. 920].) In *Panos*, the issue was the propriety of imposing an on-bail enhancement under section 12022.1 when, at the time of sentencing on the second offense, there had been no conviction on the offense leading to the defendant's on-bail status. In other words, the setting in *Panos* was the same presented to the Merced court here. The difference was that when *Panos* was decided, section 12022.1 did not provide a mechanism for imposing the enhancement if sentencing on the secondary offense took place prior to conviction on the

primary offense. The appellate court issued a writ of prohibition barring further proceedings on the enhancement. Notable in the opinion is the following language:

"The trial court determined and the People urge us to find that conviction on the earlier Los Angeles felony is a necessary predicate only for execution of the enhanced penalty and is not an essential element of the enhancement charge itself. Thus, the argument goes, if the court in Sacramento finds the section 12022.1 enhancement to be true as alleged even without proof the earlier felony resulted in a conviction, the enhanced penalty can be imposed but its execution must be stayed pending factual resolution of the Los Angeles charge.

"We decline to adopt the People's interpretation because it would add to the statute a dimension which is neither expressly included in nor suggested by its plain language. Penal Code section 12022.1 addresses various sentencing possibilities *after* a conviction on the earlier felony offense has been established, but it significantly fails to provide a mechanism for imposing and then staying service of the penalty enhancement pending a conviction on the earlier felony charge." (156 Cal.App.3d at pp. 629-630.)

As noted, the Legislature responded to *Panos* by amending section 12022.1 in 1985. The amendment was embodied in Senate Bill No. 343 which, in its final form, passed both houses of the Legislature without a dissenting vote. We have examined the legislative history of the bill. Nothing in that history indicates an intent to preclude the court sentencing for the secondary offense from imposing the enhancement and then staying its execution. On the contrary, several "Senate Floor Analyses" and committee analyses of the bill explicitly indicate the intent was to "allow the court to impose the two-year enhancement, once there was a conviction for the secondary offense, but the enhancement would be stayed pending conviction for the primary offense." (See Rep. of Sen. Com. on Judiciary, Sen. Bill No. 343 (1985-1986 Reg. Sess.) Apr. 16, 1985; Sen. Floor Analysis of Sen. Bill No. 343 (1985-1986 Reg. Sess.) May 1, 1985 and July 16, 1985.) These statements evidence an intent to provide what the *Panos* court noted was previously lacking ("a mechanism for imposing and then staying service of the penalty enhancement pending a conviction on the earlier felony charge"). (156 Cal.App.3d at p. 630.)

Moreover, several analyses of the bill indicate that there would be no "local" fiscal effect. However, if the court hearing the secondary offense may not stay execution of the enhancement but only its imposition, that court must, after the court hearing the primary offense has lifted the stay, hold another sentencing hearing to impose the enhancement. Under those circumstances there would obviously be *some* local fiscal impact.

The legislative history, in the light of *Panos*, clearly indicates that the intent of that portion of the 1985 amendment in question here was to preserve the enhancement until there had been convictions on both the primary and secondary offenses. That purpose is as well served by an order staying execution of the enhancement as it is by an order staying imposition at the first sentencing. And the failure of the Legislature to provide that the court hearing the primary offense should order transfer of the defendant to the other court after lifting the stay is some indication that the Legislature contemplated that the stay would be of the enhancement's execution so that further judicial action was unnecessary.

Even though the statute's language ("the imposition of the enhancement shall be stayed") appears unambiguous, " ' "[t]he literal meaning of the words . . . may be disregarded to give effect to manifest purposes that, in the light of the statute's legislative history, appear from its provisions considered as a whole." ' [Citations.]" (*Leffel* v. *Municipal Court* (1976) 54 Cal.App.3d 569, 572 [126 Cal.Rptr. 773].)

■ We conclude that the Merced court could have imposed but stayed execution of the enhancement. Unfortunately, the record does not support respondent's contention that the Merced court did so. Before sentence was pronounced, the prosecutor advised the Merced court that "imposition of the enhancement shall be stayed pending the imposition of sentence for the primary offense." Defense counsel agreed with that statement. The court then imposed sentence on certain counts, but ordered that "Counts II, III, IV, V, VI and VII are stayed *as is the enhancement . . . .*" (Italics added.) The court never advised appellant his sentence was being enhanced, but that execution of the enhancement was stayed.

Respondent takes a fallback position, relying on language in a recent decision of our state's Supreme Court. In *People* v. *McClanahan* (1992) 3 Cal.4th 860 [12 Cal.Rptr.2d 719, 838 P.2d 241] the court held that an on-bail enhancement was subject to the double-the-base-term limitation of section 1170.1. In discussing the procedural provisions of section 12022.1, subdivision (d), the court said: ". . . Thus, a defendant can be convicted of the new (secondary) offense, the on-bail enhancement 'proved,' and sentence on that offense pronounced-all *before* a conviction of the primary offense is obtained. Under those circumstances, imposition of the on-bail enhancement, already pleaded, proved, and formally of-record, is stayed pending conviction and imposition of sentence for the primary offense; . . ." (*McClanahan, supra,* at p. 870.) Respondent suggests that in this case the Merced court "stayed the imposition of the on-bail enhancement while at the same time making it 'formally of-record.' "

We are not persuaded. First, in *McClanahan* the primary and secondary offenses were consolidated for trial in the same court, so the stay provisions of section 12022.1, subdivision (d) were not in play, and the Supreme Court's comments about that subdivision do not constitute a holding. Additionally, the Supreme Court did not explain its "formally of-record" reference and gave no guidance on how an enhancement is made "formally of-record." The phrase seems to indicate some action in addition to merely staying the enhancement. Nothing in the Merced court's record, however, shows the court did anything other than stay the enhancement.

When the judgment in the instant action, including the order lifting stay, becomes final, the Merced court will be free to impose the enhancement, assuming the Merced judgment is affirmed on appeal. If the Merced judgment is affirmed, we believe the proper procedure would then be for this court to remand that case to the Merced Superior Court to deal with the enhancement.

The statute does not confer power on the Fresno court to do anything with respect to the enhancement other than lift the stay. We see no basis upon which the Fresno court can impose an enhancement to the Merced court's sentence when the enhancement was pleaded and proved in the Merced action.

The question remains whether the Fresno court, in the action under review, effectively lifted the stay ordered by the Merced court. As originally announced by the court below, the order was somewhat equivocal: "I'll lift the stay on the 12022.1 or order that the case be remanded to Merced County for that purpose." Subsequently, the court issued a minute order vacating its order of transfer to Merced County. As we read the record, the vacation order left standing that part of the court's announced order lifting the stay. Under section 12022.1, subdivision (d) the lower court was required to lift the stay and the record sufficiently manifests the court's intention to comply with the statutory mandate. Therefore, remand is unnecessary.

There are, though, two matters as to which the abstract of judgment is deficient. First, the abstract omits any reference to the order lifting the stay. Second, the abstract fails to reflect that the term imposed in Fresno County is subordinate to the Merced sentence, and that the two-year sentence imposed in Fresno is subject to the limitations of section 1170.1, subdivision (a); i.e., only one-third (eight months) of that term should be served consecutive to the determinate sentence imposed by the Merced court. We will direct the court below to amend the abstract accordingly.

II. *Presentence credits.*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed. The clerk of the superior court is directed to issue an amended abstract of judgment which (1) reflects the court's order lifting the stay previously ordered by the Merced County Superior Court; (2) reflects that the sentence imposed on the instant offense is subject to the limitations of section 1170.1, subdivision (a); and (3) reflects that the number of presentence custody credits awarded to appellant is 27 days, consisting of 19 days of actual local time and 8 days of local conduct credits. The clerk is further directed to transmit a certified copy of the amended abstract to the Department of Corrections.

Vartabedian, Acting P. J., and Buckley, J., concurred.

\*See footnote, *ante*, page 1841.