Filed 9/21/16  P. v. Hinkle CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AMANDA LEATRICE HINKLE,<br><br>    Defendant and Appellant. | A146205<br><br>(San Francisco County<br>Super. Ct. No. 223838) |

Appellant Amanda Leatrice Hinkle was convicted of first degree residential burglary and misdemeanor receiving stolen property.  She argues, and respondent concedes, that the trial court should have stayed the sentence she received on one of her two convictions.  We have identified additional potential errors with the sentencing order and remand to the trial court to enter an authorized sentence.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

On the morning of March 9, 2015, Hinkle entered an apartment on Golden Gate Avenue in San Francisco, took several items, then left after one of the apartment's residents woke up.  Police found Hinkle nearby shortly thereafter with several items that had been taken from the apartment.  A jury convicted her of felony first degree residential burglary (Pen. Code, § 459—count 1)[1] and misdemeanor receiving stolen property

_____

[1] All statutory references are to the Penal Code.

1

(§ 496, subd. (a)—count 2), and the trial court found true an allegation that another person was present in the residence during the burglary (§ 667.5, subd. (c)(21)).

Hinkle filed a motion for new trial in which she argued that she could not be convicted both of first degree burglary and of receiving or buying stolen property because the two crimes involved the same property. At the hearing on the motion, the prosecutor acknowledged that the offenses merged for purposes of section 654[2] but argued that such a merger meant that while Hinkle could not be *punished* for both offenses arising out the same course of conduct, she could be *convicted* of both of them. The trial court denied the motion to dismiss, then turned to sentencing.

After hearing arguments from the prosecutor and Hinkle's attorney about sentencing options, the trial court purported to sentence Hinkle by imposing a sentence on one count and placing her on probation on the other count: "I'm going to start with Count 2. [¶] The judgment and sentence of this Court to Count 2 of Ms. Hinkle's violation of Penal Code Section 496 Subsection (a) is one year in the county jail. [¶] As to Count 1, a violation of Penal Code Section 459 in the first degree, as a felony, the judgment and sentence will be as follows: [¶] Ms. Hinkle is sentenced to two years in State Prison which is the mitigated term. However, the execution of that sentence will be suspended. She will be placed on adult probation for a period of three years under the following terms and conditions: [¶] She is sentenced to . . . 180 days in county jail. [¶] . . . .[¶] And she gets custody credit of 180 days, for a total 360 days." After warning Hinkle that she would be sent to prison if she violated the terms and conditions of her probation, the court also stated, "And before I forget, Counts 1 and 2 will be concurrent" under "664" (most likely a reference to section 669, regarding concurrent and consecutive sentences, as section 664 relates to punishment for attempted crimes, which was not an issue here).

---

[2] Subdivision (a) of the statute provides that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

The minute order entered after the sentencing hearing likewise states that the execution of sentence was suspended as to count 1, that probation was granted for a period of three years, and that as a condition of probation Hinkle shall serve a term of 180 days in county jail, with credit for time served of 180 days. As to count 2, the minute order states that Hinkle was sentenced to one year in county jail, with credit for time served of 180 days. Finally, the order states that the sentences on counts 1 and 2 "are concurrent." A commitment order consistent with the minute order also was entered on the date of sentencing.

The clerk's transcript contains minutes of a hearing held three days after the sentencing hearing before a different judge than the sentencing judge, with attorneys specially appearing for both attorneys of record. No reporter's transcript of the hearing is contained in the appellate record, but it appears that the cause was on calendar to check whether Hinkle would be placed in drug court. The order states, "THE COURT ORDERS: matter off calendar for the following reason: DEFENDANT WAS SENTENCED ON 08-28-15 IN DEPT. M13." The minute order also states, "Defendant is sentenced to State Prison for a period of 2 Year(s), Low Term. [¶] Total State Prison Term: 2Y 0M." Thus, this order is internally inconsistent, insofar as it purports to sentence Hinkle while also acknowledging that she already had been sentenced. And it is inconsistent with the sentencing judge's directive that execution of Hinkle's prison sentence be stayed and that Hinkle be placed on probation.

After appellate briefing was completed, the court requested supplemental briefing on whether it was permissible for the trial court to both place Hinkle on probation on one count while also purporting to impose a sentence on a second count.

## II.
### DISCUSSION

In her opening brief, Hinkle argued that the trial court was required to stay her sentence on count 2 under section 654's bar against multiple punishments for the same course of conduct. (*People v. Allen* (1999) 21 Cal.4th 846, 866-867 [defendant may be convicted of both burglary and receipt of stolen property with respect to property stolen during same burglary, though execution must be stayed for conviction on receipt of stolen property under § 654].) She asked this court to remand the case for resentencing so that the trial court could "impose and stay sentence for count two." Respondent agreed that the sentence on count 2 should be stayed in light of section 654, but asked this court to modify the judgment without remanding the case.[3]

We agree that the trial court erred under section 654 in sentencing Hinkle, and we remand to the trial court to correct this error by staying the sentence on count 2. The trial court also is directed to address several other potential errors. First, our record is unclear whether Hinkle was ordered to immediately start serving her one-year jail sentence on count 2—the misdemeanor conviction of possession of stolen property[4]—or whether the execution of that term also was stayed as a result of the grant of probation. While the court clearly stayed the execution of the two-year prison sentence on count 1, it made no

---

[3] Both parties agreed that this court should order that an abstract of judgment be prepared and forwarded to the Department of Corrections and Rehabilitation. But "[a]bstracts of judgment in matters imposing imprisonment in state prison are orders sending the defendant to prison and imposing the duty upon the warden to carry out the judgment." (*People v. Hong* (1998) 64 Cal.App.4th 1071, 1076; see also § 1213, subd. (a) [abstract of judgment prepared "if the judgment is for imprisonment in the state prison"].) Because Hinkle was not ordered to prison, we decline to order that an abstract of judgment be prepared stating that she was.

[4] Respondent contends that it was improper to order Hinkle to serve 365 days in county jail on count 2, because the maximum term of confinement for a misdemeanor is 364 days (§ 19.2). Respondent asks that we modify the sentence to reflect 364 days. But so far as we can tell, the trial court ordered that Hinkle serve "one year" in county jail, which is defined by statute as 364 days. (§ 18.5 [where offense punishable by imprisonment in county jail up to "one year," sentence shall not exceed 364 days].) There is thus no reason to modify the trial court's sentence in this respect.

4

reference to a stay of execution on count 2 and simply ordered that the "judgment and sentence" on that count was one year in county jail. And the clerk's transcript contains an order titled "Commitment" that states that Hinkle "shall serve a term in County Jail of 1 year(s)," again with no reference to a stay of execution.

The trial court was not authorized to grant Hinkle probation as to one count *and* simultaneously impose the execution of a sentence as to another count. "Upon conviction it is the duty of the court to pass sentence on the defendant and impose the punishment prescribed. [Citations.] Pursuant to this duty the court must *either* sentence the defendant *or* grant probation in a lawful manner; it has no other discretion." (*People v. Cheffen* (1969) 2 Cal.App.3d 638, 641, italics added.) Probation is "the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer." (§ 1203, subd. (a).) In granting probation, a trial court may of course impose a sentence and suspend its execution, as the court did here with respect to count 1, Hinkle's burglary conviction. (§ 1203.1, subd. (a); *People v. Rodriguez Alaniz* (1993) 14 Cal.App.4th 1841, 1847.) But doing so precludes a court from then simultaneously ordering the *execution* of a sentence, as the court may have done here when it sentenced Hinkle to a year in jail on count 2.

The confusion surrounding Hinkle's sentence was compounded when the trial court purported to order the sentences on the two counts to run concurrently under section 669, subdivision (a). "Concurrent" means "occurring at the same time." (Merriam-Webster's Collegiate Dict. (10th ed. 2001) p. 239.) It is, of course, impossible for Hinkle to serve a year-long term in county jail and "at the same time" serve a sentence whose execution has been *suspended* and will never be served if her probation is successful. (*In re White* (1969) 1 Cal.3d 207, 211 [serving sentence after revocation of probation "could obviously not run concurrently with the sentence for [an] offense that ha[s] already been served"].) And if her probation is unsuccessful, the sentence would deprive Hinkle of the benefit of serving concurrent sentences under section 669 because she would end up serving *both* sentences. (*Ibid.*, citing § 1203.2a [where defendant is sentenced to prison while on probation for another offense, defendant may request that

5

sentence be imposed on offense for which defendant originally granted probation so that there is the possibility of serving sentences concurrently].)  We recognize that, as the parties agreed in their appellate briefing, sentence on one of the counts in fact should have been *stayed* under section 654.  (*People v. Allen*, *supra*, 21 Cal.4th at pp. 866-867.)  We focus on section 669, which has no applicability here in light of the requirement to stay one of the sentences, only to illustrate why the sentence the trial court purported to impose was unauthorized.

When we asked the parties to submit supplemental briefs on the issue, Hinkle repeated her argument that the case should be remanded "with directions to apply section 654."  Respondent argues that this court should simply "modify the judgment to reflect the legally correct sentence," meaning that "appellant's concurrent one-year sentence for receiving stolen property on count 2 should be . . . stayed pursuant to section 654."  This argument apparently assumes that the execution of Hinkle's jail sentence on count 2 was stayed when the court granted Hinkle probation, as there would be nothing to "stay" if Hinkle already has served this sentence since the trial court imposed it more than a year ago.

We elect to remand the matter to the trial court to resolve the foregoing sentencing issues.  If execution of both sentences was suspended, the trial court is ordered to stay one of them under section 654.  If Hinkle already has served her "sentence" on count 2, the trial court shall correct its orders to reflect that Hinkle was granted probation.  It may be that the trial court intended to order Hinkle to spend time in jail as a condition of probation.  (§ 1203.1, subd. (a)(2) [court may impose imprisonment in county jail in connection with granting probation].)  If so, the court must amend its August 28, 2015 sentencing order to make this more clear.  The trial court also is directed to revisit the minute order entered on August 31, 2015, and make any necessary amendments thereto.

III.
DISPOSITION

The matter is remanded to the trial court to enter an authorized sentence consistent with this opinion.

_____
Humes, P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.


*People v. Hinkle* (A146205)

7