Filed 4/27/15  P. v. Lujan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL LANCE LUJAN,<br><br>    Defendant and Appellant. | C075994<br><br>(Super. Ct. Nos. 62123146,<br>62124105) |

Defendant Michael Lance Lujan pled no contest to numerous felonies.  In exchange for his plea, the People agreed defendant would serve a stipulated term of nine years in state prison.  Defendant appeals his sentence.

Defendant contends the trial court made numerous errors in effecting the terms of defendant's plea agreement.  He asks this court to remand the matter for resentencing and recalculation of his custody credits.  The People concede the errors and agree the matter should be remanded.  Having reviewed the record and applicable law, we agree the trial court erred in sentencing defendant and remand the matter for resentencing.

1

BACKGROUND

In the Superior Court of California, County of Placer case No. 62-123146 (case No. 146), the People charged defendant with attempted possession of methamphetamine. (Pen. Code, § 664[1]/Health & Saf. Code, § 11377, subd. (a).)  The People further alleged defendant committed that crime while he was released on bail in Superior Court of California, County of Placer case No. 62-118400 (case No. 400) (§ 12022.1), was previously convicted of a strike offense (§§ 1170.12, subds. (a)-(d) & 667, subd. (b)), and previously served four prison terms (§ 1170, subds. (f) & (h)(3)).  The trial court released defendant on bail.

Approximately one month later, in Superior Court of California, County of Placer case No. 62-124105 (case No. 105), the People charged defendant with the unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) and possession of hydrocodone (Health & Saf. Code, § 11350, subd. (a)).  The People further alleged defendant committed these crimes while released on bail in case Nos. 400 and 146 (§ 12022.1), was previously convicted of a strike offense (§§ 1170.12, subds. (a)-(d) & 667, subd. (b)), and previously served four prison terms (§ 1170, subds. (f) & (h)(3)).

Defendant pled no contest to all the charges in case Nos. 400, 105 and 106, and admitted all the sentencing enhancement allegations.  In exchange for his plea, the People agreed defendant would serve a term of six years in prison.  The trial court released defendant on a *Cruz*[2] waiver and advised him that should he commit "any criminal offense or fail[] to appear for the pronouncement of judgment of sentence [then] he [would] be deemed to have waived his right to the Court's indication of six years.  And

---

[1]      Undesignated statutory references are to the Penal Code.

[2]      *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5 (*Cruz*).

the Court [would] proceed to sentence [defendant] at the Court's discretion to an appropriate term for violation of a *Cruz* waiver."**3**

On February 4, 2014, in Superior Court of California, County of Placer case No. 62-128068 (case No. 068), defendant was arrested for obstructing a police officer in the discharge of his duty. (§ 148, subd. (a)(1).) The People agreed to a term of nine years in state prison. The trial court effected the stipulated prison term as follows: In case No. 105, the trial court imposed a six-year term for vehicle theft (three years, doubled for the prior strike conviction), a concurrent six-year term for possession of a controlled substance (three years, doubled for the prior strike conviction), two years for committing the crime in case No. 146 while on bail in this matter, and an additional year for a prior prison term, resulting in an aggregate term of nine years in state prison.

In case No. 146, the trial court sentenced defendant to serve a two-year term for attempted possession of a controlled substance (one year, doubled for the prior strike conviction). The court imposed an additional two years for the on-bail enhancement resulting in an aggregate term of four years in state prison. The trial court ordered that term to be served concurrently with the nine-year term imposed in case No. 105.

The remaining charges and allegations in case Nos. 105 and 146 were dismissed in the interest of justice along with Superior Court of California, County of Placer case Nos. 62-128390, 62-127257, and case Nos. 400 and 068.

The trial court awarded defendant 228 days of custody credit in case No. 105 and 4 days in case No. 146. The court also ordered defendant to pay numerous fines and fees. Defendant appeals.

---

**3**     The plea taken orally and reported in the court reporter's transcript differs from the written plea signed by defendant. It appears from the record this change occurred at the plea hearing because defendant wanted to be released to be present for the birth of his child. Thus, in exchange for his release on a *Cruz* waiver, defendant agreed to "plead to the sheet" in all three pending cases. In so doing, his exposure, should he commit another crime or fail to appear for judgment, would exceed 18 years.

DISCUSSION

Defendant contends the trial court erred in sentencing him to serve concurrent terms in cases 146 and 105 for two reasons. First, section 1170.12, subdivision (a)(6), requires defendant be sentenced to serve consecutive terms because the crimes occurred at different times. (See *People v. Lawrence* (2000) 24 Cal.4th 219, 234.) Second, section 12022.1, subdivision (e), also requires defendant be sentenced to serve consecutive terms because defendant committed his crimes in case No. 146 while he was released on bail in case No. 105. (*People v. Griffin* (2005) 128 Cal.App.4th 1112, 1115-1116, 1119.) The People agree. We agree with the parties that the trial court erred in sentencing defendant to serve concurrent terms in cases 146 and 105.

Defendant further contends the trial court erred in imposing the on-bail enhancement in case No. 146. The People agree and so do we. Defendant was not convicted of the charges in case No. 400, the case for which he was released on bail when he committed the crimes in case No. 146. Accordingly, the on-bail enhancement in case No. 146 cannot attach. (§ 12022.1, subd. (d); see *People v. McClanahan* (1992) 3 Cal.4th 860, 869-870.)

On remand, the on-bail enhancement appended to case No. 146 must be stricken and the on-bail enhancement appended to case No. 105 either stricken or defendant ordered to serve that enhancement term consecutive to any other term imposed by the court. (§ 12022.1, subd. (b); see *People v. Meloney* (2003) 30 Cal.4th 1145, 1149-1150, 1162-1163.)

Defendant also argues the trial court did not correctly calculate his custody credits; notably, that the trial court failed to account for the day defendant was arrested. In response, the People note the record on appeal is insufficient for this court to resolve that issue. We agree the record is insufficient to resolve this issue. Upon remand, defendant may move the trial court to recalculate his credits. (*People v. Fares* (1993) 16 Cal.App.4th 954, 958.)

DISPOSITION

The judgment is reversed and the matter remanded for resentencing. The trial court is directed to resentence defendant in accordance with the terms of his plea and this opinion. The trial court is further directed to prepare an amended abstract of judgment and deliver a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.



       HOCH     , J.



We concur:



    RAYE    , P. J.



    MURRAY  , J.