Filed 2/3/26  P. v. Martinez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO PASQUAL MARTINEZ,<br><br>Defendant and Appellant. | F089226<br><br>(Super. Ct. Nos. PCF448596,<br>PCF410945)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Ricky Tripp, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Meehan, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Francisco Pasqual Martinez (defendant) contends on appeal that (1) the $1,200 Penal Code section 1202.4[1] restitution fine imposed on November 22, 2024, in case No. PCF410945 is unauthorized and must be stricken from the abstract of judgment; and (2) the sentence must be vacated and the matter remanded for the trial court to effectively impose the same total sentence of two years while modifying the term on count 6 in case No. PCF410945 to eight months, consecutive.  We strike the $1,200 section 1202.4 restitution fine imposed by the court on November 22, 2024, in case No. PCF410945 and vacate the sentence and remand the matter for further proceedings consistent with the views expressed herein.

**PROCEDURAL SUMMARY**

*Case No. PCF410945*

On December 20, 2021, in case No. PCF410945, the Tulare County District Attorney filed an information charging defendant with possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 1); driving or taking a vehicle (Veh. Code, § 10851, subd. (a); count 2); receiving a stolen vehicle (§ 469d, subd. (a); count 3); driving or taking a vehicle (Veh. Code, § 10851, subd. (a); count 4); receiving a stolen vehicle (§ 496d, subd. (a); count 5); two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1); counts 6 & 7); two counts of possession of ammunition by a felon (§ 30305, subd. (a)(1); counts 8 & 9); misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 10); and misdemeanor altering a Vehicle Identification Number (VIN) (Veh. Code, § 10750, subd. (a); count 11).  The information further alleged as to all counts that defendant suffered eight prior felony convictions (§ 1203, subd. (e)(4)).

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

On October 6, 2022, defendant pled no contest to counts 3 and 6 and admitted the prior convictions in exchange for the promise of a grant of probation and a suspended prison sentence of two years eight months as follows: on count 3, two years (the low term); and on count 6, eight months (one-third the midterm) consecutive, conditioned upon his completion of a residential substance abuse program. Defendant also pled no contest in misdemeanor case ending in "265" to possession of an anabolic steroid (Health & Saf. Code, § 11377, subd. (a); count 1) and two counts of possession of an injection device (Health & Saf. Code, § 11364, subd. (a)(1); counts 2 & 3), in exchange for the promise of receiving a concurrent sentence.

On March 24, 2023, pursuant to the plea agreement, the trial court granted defendant probation for two years; imposed a sentence of two years eight months as follows: on count 3, two years (the low term); and on count 6, eight months (one-third the midterm) consecutive; and suspended execution of the sentence. As a condition of probation, the court ordered defendant to spend 364 days in jail and enroll in and successfully complete a residential substance abuse program. Defendant also pled no contest in misdemeanor cases ending in "250" and "133." In misdemeanor cases ending in "265," "250" and "133," the court imposed jail terms concurrent to the jail term imposed in case No. PCF410945. The court ordered defendant to pay a $500 section 1202.4 restitution fine, a $500 section 1202.44 fine (suspended), an $80 section 1465.8 assessment, and a $60 Government Code section 70373 assessment.

*Case No. PCF448596*

On November 17, 2023, in case No. PCF448596, the Tulare County District Attorney filed a complaint charging defendant with driving or taking a vehicle (Veh. Code, § 10851, subd. (a); count 1); receiving a stolen vehicle (§ 496d, subd. (a); count 2); and grand theft (§ 487, subd. (a); count 3).

On October 28, 2024, defendant pled no contest to driving or taking a vehicle (Veh. Code, § 10851, subd. (a); count 1) and grand theft (§ 487, subd. (a); count 3). In

accordance with defendant's plea, the trial court found defendant in violation of probation in case No. PCF410945 and terminated probation.

*Sentencing in Case Nos. PCF410945 and PCF448596*

On November 22, 2024, pursuant to a plea agreement, the trial court terminated probation in case No. PCF410945 and sentenced defendant.  In case No. PCF448596, the court sentenced defendant to a term of two years as follows:  on count 1, two years (the midterm), and on count 3, 16 months (the midterm) concurrent, with 166 days of actual credit and 83 days of good conduct credit.  The court then imposed "the previously suspended state prison" sentence in case No. PCF410945 as follows:  on count 3, two years (the low term) concurrent to count 1 in case No. PCF448596, and on count 6, eight months (one-third the midterm) concurrent to count 3 in case No. PCF410945.  The court ordered defendant to pay a $500 section 1202.44 fine, a $500 section 1202.45 fine (suspended), a $500 section 1202.4 restitution fine, an "additional" $1,200 section 1202.4 restitution fine, an $80 section 1465.8 fine, a $60 Government Code section 70373 assessment, and reserved victim restitution.  The court dismissed the remaining charges and allegations.

On January 21, 2025, defendant filed a notice of appeal.[2]

## FACTS[3]

*Case No. PCF410945*

On April 7, 2021, defendant was driving a trailer carrying a motorcycle and two quad vehicles when he was involved in a two-vehicle accident.  California Highway

---

[2]    Defendant filed his notice of appeal in propria persona and did not request a certificate of probable cause.  However, as defendant does not challenge the factual basis for his plea, no certificate of probable cause is required.  (See *People v. Brown* (2007) 147 Cal.App.4th 1213, 1220 [no certificate of probable cause required because the defendant did not contend the negotiated plea was invalid in any respect, but rather, contended the trial court failed to give effect to the terms of her plea].)

[3]    The facts of the underlying offenses are taken from defendant's probation reports.

Patrol officers investigating the accident discovered the VIN of the motorcycle was spray painted black and the motorcycle had been reported stolen. They also found two loaded handguns under the seat of one of the quad vehicles.

*Case No. PCF448596*

On January 5, 2023, defendant and another subject went to a large home improvement store and hitched one of the store's trenchers and trailers to their vehicle and drove away. The trencher was worth $4,000 and the trailer was worth $2,000.

## DISCUSSION

## I.    NOVEMBER 22, 2024 SECTION 1202.4 RESTITUTION FINE

Defendant contends the "additional" $1,200 section 1202.4 restitution fine imposed by the trial court in case No. PCF410945 on November 22, 2024, must be stricken because it was unauthorized, as the court imposed a $500 section 1202.4 restitution fine in the same case on March 24, 2023, and reimposed the $500 section 1202.4 restitution fine on November 22, 2024. The People agree, as do we.

On March 24, 2023, in case No. PCF410945, the trial court ordered defendant to pay a $500 section 1202.4 restitution fine.

On November 22, 2024, in case No. PCF410945, the trial court terminated probation and ordered defendant to pay a $500 section 1202.4 restitution fine "minus any payments he may have made" and "an additional [section 1202.4] restitution fine of $1,200."

"A restitution fine imposed at the time probation is granted survives the revocation of probation. Because of this, an additional restitution fine imposed at the time probation is revoked is unauthorized and must be stricken from the judgment." (*People v. Urke* (2011) 197 Cal.App.4th 766, 779.) In *People v. Chambers* (1998) 65 Cal.App.4th 819, the court stated, "Here, the trial court imposed two separate restitution fines for the same conviction: a $200 restitution fine at the time probation was granted and a $500 restitution fine at the time probation was revoked. There is no statutory authority

5.

justifying the second restitution fine because, as discussed above, the first restitution fine remained in force despite the revocation of probation.  Accordingly, since the trial court was without statutory authority to impose the second restitution fine, it must be stricken." (*Id*. at p. 823.)

As in *Chambers*, the trial court here imposed two separate restitution fines pursuant to section 1202.4 on November 22, 2024, in case No. PCF410945.  First, it imposed a $500 section 1202.4 restitution fine at the time probation was granted on March 24, 2023, which it then reimposed on November 22, 2024, when probation was revoked "minus any payments he may have made."  It then also imposed an additional $1,200 section 1202.4 restitution fine on November 22, 2024.  However, the first section 1202.4 restitution fine from March 24, 2023, remained in force despite the revocation of probation.  As the parties agree, because the first restitution fine remained in force despite the revocation of probation, the court was without statutory authority to impose the second restitution fine.  Accordingly, we strike the additional $1,200 section 1202.4 restitution fine imposed by the court on November 22, 2024, because it is unauthorized.

## II.    TERM ON COUNT 6 IN CASE NO. PCF410945

Defendant contends the sentence must be vacated and the matter remanded for the trial court to effectively impose the same total term of two years for defendant, while modifying the term on count 6 in case No. PCF410945 to eight months consecutive.  The People argue the court did not have authority to modify the original eight-month (one-third the midterm) consecutive term imposed on March 24, 2023, on count 6 in case No. PCF410945 to a concurrent term because it had suspended execution of that sentence, and that, accordingly, the November 22, 2024 minute order and May 2, 2025 abstract of judgment must be corrected to show a sentence of eight months consecutive, on that count, or alternatively, that the matter be remanded for resentencing with directions to the court to execute the original eight-month consecutive sentence on

count 6 in case No. PCF410945 that it had suspended. We vacate the sentence and remand the matter for further proceedings consistent with the views expressed herein.

On March 24, 2023, in case No. PCF410945, the trial court imposed a total term of two years eight months as follows: on count 3, two years (the low term), and on count 6, eight months (one-third the midterm) consecutive. On March 24, 2023, the court granted defendant probation and suspended execution of the sentence.

On November 22, 2024, pursuant to a plea agreement, the trial court found defendant violated probation in case No. PCF410945 and terminated probation. It sentenced defendant in case No. PCF448596 to a total term of two years as follows: on count 1, two years (the midterm), and on count 3, 16 months (the midterm) concurrent to count 1. In case No. PCF410945, it sentenced defendant on count 3 to two years (the midterm) concurrent to the two-year term imposed in case No. PCF448596, and on count 6, eight months (one-third the midterm) concurrent to count 3 in case No. PCF410945, changing the term on count 6 from consecutive to concurrent.

On March 6, 2025, the Department of Corrections and Rehabilitation (CDCR) notified the trial court that the concurrent term on count 6 in case No. PCF410945 was unauthorized because a term of one-third the midterm was only authorized for a consecutive term, not a concurrent term, per section 1170.1, subdivision (a). The CDCR stated, "[I]mposition of one-third the middle term only applies when sentencing consecutively pursuant to . . . [section] 1170.1[, subdivision ](a)," and "[w]hen sentencing concurrently[,] the full term for the level should be imposed. The sentencing range for this offense is 16 months, 2 years, and/or 3 years," and requested the court "[p]lease clarify."

On May 2, 2025, in response to the letter from the CDCR, the trial court issued an abstract of judgment changing the term for count 6 in case No. PCF410945 from eight months (one-third the midterm) concurrent to 16 months (the low term) concurrent.

7.

Defendant first argues we must remand the matter for the trial court to correct the November 22, 2024 minute order to reflect the sentence for count 6 in case No. PCF410945 to 16 months (the low term) concurrent, to match the May 2, 2025 abstract of judgment.

However, the People argue that the trial court did not have authority to modify the sentence on count 6 in case No. PCF410945 on November 22, 2024, or on May 2, 2025, after terminating defendant's probation in that case, because it had suspended execution of that sentence.

In *People v. Howard* (1997) 16 Cal.4th 1081, the California Supreme Court addressed whether, after a probationer is rearrested, a trial court has discretion in a proceeding "revoking probation, to reduce a probationer's previously imposed but suspended sentence." (*Id*. at p. 1084.) It noted there is an "important distinction, in probation cases, between orders suspending imposition of sentence and orders suspending execution of previously imposed sentences." (*Id*. at p. 1087.) The trial court stated that, when a court suspends imposition of a sentence before placing a defendant on probation, the court has full sentencing discretion when revoking probation. (*Ibid*.) However, it stated that when a court suspends execution of a sentence, section 1203.2, subdivision (c) restricts a court's authority to impose a sentence different from that which was previously imposed. (*Howard*, at p. 1094.) It stated, "On revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that *exact sentence* into effect. . . ." (*Howard*, at p. 1088, italics added; accord, *People v. Scott* (2014) 58 Cal.4th 1415, 1424.) Section 1203.2, subdivision (c), states in pertinent part, "Upon any revocation and termination of probation, the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced. However, if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect." (§ 1203.2, subd. (c).)

8.

Defendant concedes in his reply that pursuant to section 1203.2, subdivision (c), because the eight-month consecutive sentence on count 6 in case No. PCF410945 was initially imposed on March 24, 2023, with execution suspended, as opposed to merely a suspended imposition, the trial court lacked the authority to modify the sentence for count 6 in case No. PCF410945 on November 22, 2024, or May 2, 2025, and accordingly, the sentence for count 6 must remain eight months consecutive.

We agree. Pursuant to section 1203.2, subdivision (c), the trial court was not authorized to modify the term on count 6 in case No. PCF410945 on November 22, 2024, after it terminated defendant's probation, from eight months consecutive to eight months concurrent, because it had suspended execution of that sentence, despite the letter from the CDCR requesting the court review its file "to determine if a correction is required," nor was it authorized to modify it again on May 2, 2025. In *People v. Codinha* (2023) 92 Cal.App.5th 976, the court found that the statute authorizing recall and resentencing upon recommendation of the CDCR did not provide a jurisdictional basis for the court's modification of defendant's sentence following receipt of a letter from the CDCR because the letter did not use any form of the terms "recall" or "resentencing," but rather asked the court to determine whether correction was required. (*Id*. at pp. 986–987; see also *People v. Singleton* (2025) 113 Cal.App.5th 783, 791–792.)

The People contend that because the trial court was not authorized to change the original sentence of eight months consecutive, imposed on March 24, 2023, the November 22, 2024 sentencing minute order and the May 2, 2025 abstract of judgment must accordingly both be corrected to show a sentence of eight months consecutive on that count, or alternatively, that the matter must be remanded for resentencing with directions to the court to execute the original eight-month consecutive sentence imposed on March 24, 2023, on count 6 in case No. PCF410945 that it had suspended.

Defendant argues that to effectuate the technical modification of count 6 while remaining faithful to the trial court's November 22, 2024 sentencing intention to impose

9.

a total term of two years, the matter must be remanded for the court to impose a sentence with a total term of two years as follows:  in case No. PCF448596, on count 1, 16 months (the low term), and on count 3, 16 months (the low term) concurrent, and in case No. PCF410945, on count 3, two years (the midterm) concurrent, and on count 6, eight months (the low term) consecutive.

However, when the parties "negotiate a plea agreement that, among other express provisions, grants probation incorporating and conditioned upon the service of a specified jail term, the resulting term of incarceration . . . constitutes a material term of, the parties' agreement.  As such, the jail term is not subject to subsequent modification without the consent of *both* parties, and cannot be altered solely on the basis of the trial court's general statutory authority to modify probation during the probationary period." (*People v. Segura* (2008) 44 Cal.4th 921, 935.)  Further, a plea agreement requiring an unauthorized sentence is not enforceable.  "[T]he trial court cannot approve a plea bargain that calls for an unlawful sentence." (*In re Daniel M. Williams* (2000) 83 Cal.App.4th 936, 945.)  On the other hand, once the court approves a plea bargain, it cannot change the agreement without the consent of the parties.  (*Segura*, at p. 931.) "When a guilty plea is invalidated the parties are generally restored to the positions they occupied before the plea bargain was entered." (*People v. Aragon* (1992) 11 Cal.App.4th 749, 756–757.)  In *People v. Baries* (1989) 209 Cal.App.3d 313, the appellate court found a plea bargain calling for concurrent sentencing was unauthorized.  It held, "[T]he concurrent sentence was unauthorized and could not have been lawfully imposed.  It must be vacated, and the trial court must give [the defendant], if she chooses, the opportunity to withdraw her plea since it cannot be honored." (*Id.* at p. 319; accord, *People v. Griffin* (2005) 128 Cal.App.4th 1112, 1119 ["The court's imposition of a concurrent sentence was illegal.  The parties agree, and we concur, that under the circumstances, the judgment must be reversed and the matter remanded for further proceedings.  [Citation.]  Because

an express condition of [the] defendant's plea cannot be honored, he may move to withdraw his plea."].)

Here, on March 24, 2023, pursuant to a plea agreement, the trial court imposed but suspended execution of the two-year eight-month term in case No. PCF410945 that included the eight-month consecutive term on count 6 in that case. Then, on November 22, 2024, pursuant to a plea agreement, the court imposed a two-year term in case No. PCF448596, and a longer two-year eight-month term in case No. PCF410945, to run concurrent to the shorter two-year term (count 3 was concurrent to count 1 in case No. PCF448596, while count 6 was concurrent to count 3 in case No. PCF410945). However, it is unclear from the record whether the parties intentionally negotiated an unauthorized change to the sentence in case No. PCF410945 or whether the court and parties erroneously assumed that the total suspended term in case No. PCF410945 on March 24, 2023, was only two years, rather than two years eight months.

Accordingly, as it is not clear from the record whether the parties negotiated an unauthorized change to the sentence in case No. PCF410945 on November 22, 2024, or whether they were operating under an erroneous assumption, we vacate the sentence and remand the matter for further proceedings consistent with the views expressed herein.

## DISPOSITION

The $1,200 section 1202.4 restitution fine imposed on November 22, 2024, is stricken. The sentence is vacated and the matter remanded for further proceedings consistent with the views expressed herein. The trial court is directed to prepare an amended abstract of judgment and forward copies to the appropriate entities. In all other respects, the judgment is affirmed.